WIER *v.* BRADFORD.

PRACTICE — *demurrer should be heard.* A demurrer to a complaint for forcible entry and detainer should be heard and determined.

PRACTICE — *motion to dismiss should be heard.* So, also, a motion to dismiss, filed by leave of the court, should be heard and determined.

POSSESSION OF LAND — *in action for forcible entry.* In an action for forcible entry on lands, the plaintiff must show that he was in actual possession of the lands at the time of the alleged entry. Constructive possession is not sufficient to support the action.

*Appeal from District Court, Gilpin County.*

Messrs. BOWEN & MACDONALD, for appellant.

Mr. AMOS STECK, for appellee.

HARDING, C. J.   This is an action for forcible entry and detainer, commenced by Bradford against Wier on the 20th day of April, 1862, before a justice of the peace of Arapahoe county. A judgment was rendered against the defendant, who appealed to the district court of said county. The case was taken to Gilpin county on change of venue, and tried at the March term thereof, 1863, by jury. Verdict in favor of plaintiff and judgment rendered on the same. An appeal was taken by defendant to this court, and the case is before us on the record, which is presented to us.

The complaint filed before the justice, and on which the case was tried in the district court without amendment, is as follows in substance : That the plaintiff was lawfully possessed of certain premises ( describing them) in the county of Arapahoe, on the 20th day of February, 1862 ; that the defendant forcibly entered and detained the possession thereof to the damage of plaintiff $100. There is another allegation in the complaint, as follows : That the legal right to the possession of said premises is in the plaintiff, and that the defendant holds over after demand made in writing, and that the plaintiff claims damages in the sum of $100.

Before considering the error assigned, upon which we are

asked to reverse the judgment of the court, it becomes necessary to notice the statute under which this action is authorized :

SECTION 1. "No person or persons shall hereafter make any entry into lands, tenements or other possessions, but in cases where entry is given by law, and in such cases not with strong hand nor with multitude of people, but only in a peaceable manner, and if any person from henceforth do to the contrary, and thereof be duly convicted, he shall be punished by fine."

The eleventh section of said act authorizes the complainant to recover against the defendant treble damages in an action of trespass, after conviction of the forcible entry and detainer aforesaid.

The twenty-second section provides that all matters in excuse, justification or evidence of the allegations in the complaint, shall be pleaded specially, or notice thereof given with the plea of general issue.   Stat. 1 Sess., p. 251.

We will not notice here in this connection the proceeding on the trial before the justice of the peace.   We do not sit here to take cognizance of matters arising in their courts, but from the record before us it seems that this cause was tried on the same papers in the district court as in the justice court, without amendment.

The defendant filed his demurrer in the district court to the complaint, as follows : 1st, assigning a misjoinder of actions ; 2d, that it is not averred that the plaintiff was in possession of the premises ; 3d, that the force is not averred to have been done with a strong hand ; 4th, that the plaintiff claims damages in the sum of $100 ; 5th, that in the second count, assigning unlawful detainer, no contract is averred, and other insufficiencies.

On motion of the plaintiff, this demurrer, as it is called, was stricken from the files of the cause, to which the defendant excepted.   The defendant obtained leave of the court to file a motion to dismiss plaintiff's action, and the motion was filed.   Plaintiff moved the court to strike this motion to dismiss from the files of the cause also, which

motion was sustained, to which, the defendant excepted; the case went to the jury, who returned a verdict in favor of the plaintiff, and the court rendered judgment.   Defendant filed a motion for a new trial, which was overruled, and to which ruling of the court the defendant excepted.   The defendant appealed to this court, and has assigned in his brief and abstract ten errors, upon which he relies for the reversal of the judgment of the district court.   We will not notice all of them, but only such as must determine our action in this case.   These are included in Nos. 1, 2 and 6 in defendant's brief, and are as follows :   1. That the said court erred in sustaining the motion of plaintiff to strike the demurrer filed by the defendant from the files of the cause, without consideration or decision upon the merits of the said demurrer.   2. That the said court erred in sustaining the motion made by the plaintiff to strike from the files of this cause the motion made by defendant to dismiss the said suit, without consideration, etc.

We have no doubt but that the court below erred in striking from the files of this cause the paper called a demurrer and the motion to dismiss plaintiff's suit, under the circumstances which are manifest to us.   There is no rule of practice which can tolerate such a proceeding on the part of a court.   There may arise cases where such a practice is justifiable and proper, but this is not such a case. The questions which the paper called a demurrer raised had never been decided by the court or acted on in this case.   No matter how informally these questions may have been presented to the court, it, nevertheless, was the duty of the court to sustain or overrule the demurrer.   So with the motion to dismiss plaintiff's action.   After leave had been granted by the court to defendant to file his motion, it was then too late to object that the motion came too late, and it was the duty of the court to pass upon the merits of the motion, and not to strike it from the files.   If this practice could be tolerated, it might lead to great abuses, and might become very convenient for any incompetent judge to hide his ignorance of the principles upon which he was

called upon to act.   No matter whether or no the demurrer was sustainable, that does not alter the case.   We will therefore give no opinion on that subject.

The sixth error assigned is as follows : The court erred in refusing to instruct the jury upon the issues joined, at the request of the defendant, as follows : That, to sustain the complaint in this case, the jury must find that the plaintiff was in the actual, not constructive, possession of the premises in question, and that the defendant, by an unlawful and forcible entry, actually dispossessed the plaintiff.   14 U. S. Digest, 320, §§ 13, 14 and 15 ; 8 Eng. 448.

` We think that the above instruction was in accordance with the authorities on that subject, and that it ought to have been given by the court.   The act of the legislature above cited must receive a construction consistent with itself and with the jurisdiction of justices of the peace.   If all cases of entering into the possession of lands and tenements, where the title is in dispute, could be brought within the meaning of the act; if so broad a construction is put upon it as seems to have been contended for, it would give justices a jurisdiction totally repugnant to the limitations placed upon them by the organic act and the laws of this territory, which limit their jurisdiction.   If the justices may try all cases where the defendant is found in the peaceable possession of land, without regard to the mode by which he gained possession, then, indeed, a proceeding in his court would supersede the necessity of prosecuting an action of ejectment in the district court.

There might be given many more reasons why the judgment of the district court must be reversed, but the above are sufficient.

The judgment of the court below is reversed, with costs. Case is remanded for further proceedings.

*Reversed.*