CAMPBELL vs. GARRATT & SCUDDER.

To consider mere *memoranda* endorsed on, or written at the foot of the declaration as a part of it, would be to sanction a practice at variance with the established rules of pleading.

The refusal of the circuit court to permit a bond for costs to be filed by a nonresident plaintiff, after plea, is within the sound discretion of the circuit court, which this court will not control; so, also, the refusal to permit an additional replication after issue to the plea.

*Appeal from Jefferson Circuit Court.*

Hon. WM. M. HARRISON, Circuit Judge.

RICE, for the appellant.

This suit was brought by Campbell a non-resident for the use and benefit of Wm. A. Coit a resident of the state, and hence no-

bond for costs was necessary. *Dig., chap.* 40, *sec.* 1; *Palmer use etc. vs. Hicks,* 17 *Ark.,* 505; *State use etc. vs. Lawson,* 5 *Ark.,* 665; 3 *Ark.,* 142.

Mr. Justice COMPTON delivered the opinion of the court.

This suit—an action of debt—was brought by Campbell against Garratt & Scudder on a promissory note. The declaration is in the usual form, and is signed by the attorney for the plaintiff. At the foot of the declaration, and below the signature of the attorney, is a memorandum in the following words: "This suit is brought for the benefit of William A. Coit," which memorandum is also signed by the attorney for the plaintiff.

At the return term, the defendants pleaded in abatement, that Campbell, the plaintiff, was a non-resident of the state, and had not filed a bond for costs, as required by law. To this plea the plaintiff replied generally, issue was joined and the cause continued. At the next term, the plaintiff offered to file a bond for costs, which the court refused to permit him to do. The plaintiff then moved the court to declare the issue upon the plea immaterial, and to order a repleader, for the reason that it appeared from the memorandum, at the foot of the declaration, that the suit was brought for the use of Coit, who was the party liable for the costs—which was refused. The plaintiff then moved for leave to file an additional replication to the plea, setting up, that the suit was for the use of Coit, who was a resident of the state—which was likewise refused. The issue to the plea in abatement was then submitted, by consent of the parties, to the court for determination, who, on the evidence adduced, found for the defendants: whereupon, the plaintiff moved the court for judgment notwithstanding the finding, which motion was overruled, and judgment rendered dismissing the suit and for costs.

The motion for a *repleader,* as also for judgment *non obstante veredicto,* was based upon the assumption that the memorandum at the foot of the declaration, above quoted, was, in legal contemplation, a part of the declaration: We have been referred to

no authority, and none has fallen under our observation, that would warrant us in so treating the memorandum. The attorney, himself, seems not to have regarded it as part of the declaration, until after leave to file a bond for costs was denied; because, if he had, it must be supposed that he would have demurred to the plea, instead of taking issue upon it. If the object was to sue for the use of Coit, it should have been accomplished by appropriate averments in the declaration. To consider mere *memoranda*, indorsed on, or written at the foot of the declaration—which is sometimes done for the convenience of the attorney—as a part of the declaration, would be to sanction a practice at variance with the established rules of pleading, and wholly unsupported by authority, so far as our examination has extended.

Whether the plaintiff should have been permitted to file a bond for costs, when he offered to do so, was matter within the sound discretion of the circuit court; and this court, adhering to the decision in *Perkins vs. Reagan*, 14 *Ark.*, 47, will not control that discretion. In that case, which was a bill in chancery by a non-resident, the defendants pleaded in abatement, that no bond for costs had been filed: and, afterwards, and before any action had been taken on the plea, the complainants offered to file a bond, but the court refused to permit the same to be filed, and dismissed the bill. On appeal the judgment was affirmed, this court remarking, that the provision of the statute being express, it had, therefore, gone no farther than to recognise the exercise of a sound discretion by the circuit court, in analagous cases, citing *Town vs. Evans*, 6 *Eng.*, 10, and *Modglin and wife vs. Slay*, 6 *Eng.*, 696.

In refusing to permit the plaintiff to file the additional replication, the court exercised a like discretion, which, under the circumstances in this case, we will not disturb. Besides we are not prepared to admit that the bringing of the suit for the use of Coit, was a fact which could have been made to appear, for the purpose for which the plaintiff sought to establish it, otherwise than by the declaration itself. This, however, is a question which we need not determine, and as to which we express no opinion.

Let the judgment be, in all things, affirmed with costs.