## Robinson *v.* Meyer.

It is within the sound discretion of the circuit court to permit a non-resident plaintiff to file a bond for cost pending a motion to dismiss for want of such bond.

*Error to Union Circuit Court.*

Hon. John T. Bearden, Circuit Judge.

Carleton, for the plaintiff.

The filing of a bond for cost was a prerequisite to the institution of a suit by a non-resident. *Sec. 1, ch. 40, Gould's Dig.; 1 Ark., 240; 2 ib., 109; 10 ib., 169; 17 ib., 305.* The words of the statute are plain and unambiguous, that the non-resident *shall* file a bond for cost, and cannot be construed away. The cases heretofore decided by this court were cases of amendments; and it was ruled that it was in the discretion of the circuit court to permit amendments of defective process; so, in *Perkins v. Reagan, 14 Ark., 48,* a defective bond for cost was permitted to be amended; but in that case the non-resident attempted to comply with the statute; in this, he has entirely disregarded it.

Compton, J.

The plaintiff below was a non-resident of the State, and omitted to file a bond for costs, as required by the statute; for which omission the defendant moved to dismiss the suit. Pending the motion of the defendant, the court permitted the plaintiff to file a bond for costs, and overruled the motion to dismiss; to which the defendant excepted, and declining to make further defense, final judgment was rendered, and he brought error.

Permission to file the bond for costs, under the circumstances, was matter within the sound discretion of the circuit court, and this court, adhering to former decisions, will not disturb the exercise of that discretion. *Perkins v. Reagan, 14 Ark., 47; Campbell v. Garrett & Scudder, 24 Ark., 279.*

Judgment affirmed.