DANIEL W. HASKINS, PLAINTIFF IN ERROR, v. THE CITIZENS BANK, DEFENDANT IN ERROR.

1. Action in Partnership Name: VARIANCE. In an action brought by a partnership, a variance in the title between the summons and bill of particulars, as where in the former it is in the names of the individual partners, and in the latter the firm name, is immaterial, if no objection is made by the defendant on that ground, but if objection be made, the defect may be cured by amendment.

2. ———: COSTS. When an action is brought by partners in their firm name, the statute requires them to give security for costs. Regularly this security should be given before the delivery of the summons for service, but the failure to do so is not fatal to the action, and it may be done afterwards on objection by the defendant for the want of it.

3. Service of Summons: DEPUTATION OF PERSON TO SERVE IT. The statute, Sec. 1094 of the code of civil procedure, authorizes a justice of the peace, under certain circumstances, to deputize a person to serve a summons. A deputation in these words:— "The State of Nebraska, to Job Hathaway, of said county, specially deputized to serve these papers. Greeting;" indorsed on the summons, held, sufficient.

ERROR to the district court for Fillmore county.   Tried below, before WEAVER, J.

*W. H. Morris* and *J. Jensen,* for plaintiff in error.

*Hastings & McGintie,* for defendant in error.

LAKE, J.

This is a proceeding in error to review the action of the district court for Fillmore county, in affirming a judgment rendered by a justice of the peace.   We are to inquire, therefore, whether any material error appears in the proceedings certified by the justice, in the matters complained of.

It must be conceded that, in some of the steps taken, there was at least irregularity.   For instance, the bill of particulars gave as plaintiffs, John P. Clarey and Walter H. Scott, partners doing business under the style and firm name of "The Citizens Bank," while the summons, by which the action was commenced, omitted the individual names altogether, and gave simply, "The Citizens Bank."   The action was brought, therefore, in the partnership name, and under sec. 26, of the code of civil procedure, security for costs ought to have been given before the summons was delivered for service.

But neither of these irregularities was fatal.   The action as brought was authorized; and no objection having been interposed to the variance between the summons and bill of particulars, that defect was waived.   But, even if an objection on that ground had been made, the justice was authorized to allow the bill of particulars to be so amended as to conform to the summons in this respect. As to the requirement of security for costs, that is in no respect jurisdictional.   It is merely a statutory regulation for the special benefit of the defendant, and which he may waive, and indeed does waive, by failing properly

to insist upon its enforcement. If, in such a case, no security has been given, and the defendant, as he may do, move for a dismissal of the action on that ground, the justice should, by a conditional order, require it to be furnished within a reasonable time, and if not, that the motion be granted. Accordingly we hold that it was not too late, after the service and return of summons, to give the required security for costs.

Another ground for alleged error is, that the justice had no jurisdiction over the person of the defendant, for the reason, as is claimed, that the service of the summons was by a person unauthorized by law to serve the same.

Sec. 1094 of the code of civil procedure provides that "A justice, at the request of a party, and on being satisfied that it is expedient, may specially depute any discrete person of suitable age, and not interested in the action, to serve a summons or execution, with or without an order to arrest the defendant, or to attach property. Such deputation must be in writing on the process."

On the face of the summons served upon the defendant we find this direction to the person who served it, viz.: "The State of Nebraska, to Job Hathaway, of said county, specially deputized to serve these papers, Greeting: You are hereby commanded to summon D. W. Haskins, to appear before me," etc. It is true that this deputation is rather informal, but it is quite sufficient to show that the person named was selected by the justice to make the service, and is a substantial compliance with the statute in this particular. The appointment does not show that the justice was requested to make it, nor that he was satisfied that it was expedient to do so; but these facts will be presumed from the appointment being made. The statute does not require these precedent conditions to the deputation to be certified by the justice, nor entered upon the writ, but only the deputation itself.

The objection that the place where, by the terms of the

summons, the defendant was required to appear and answer is not sufficiently definite, is not well taken. The language: "before me, F. M. Shirley, at my office in Exeter, Nebraska," seems to have been definite enough to enable the defendant to appear at the appointed time, and it is not claimed the place of the office was not within the precinct for which the justice was elected. There is no merit in this objection.

JUDGMENT AFFIRMED.