## K. C., S. & MEMPHIS R. R. v. SUMMERS.

1. APPEALS FROM JUSTICE OF THE PEACE: *Appearance before justice of the peace waives service.*

   When a defendant appeals from a judgment of a justice of the peace, he thereby makes himself a party to the proceeding, and cannot object in the circuit court to want of service of summons in the justice's court. The circuit court does not sit to correct errors or irregularities of the justice's court, but tries the cause anew on the merits.

2. RAIL ROADS: *Killing stock: Proof of negligence.*

   In a suit against a railroad company for damages for killing stock, the *onus* is upon the defendant to prove due care and caution in the operation of its train.

3. SAME: *Same.*

   Evidence that all possible efforts were used to avoid a collision of a running train with stock upon the track, without specifying the usual appliances resorted to in such cases, is not sufficient to rebut the presumption of negligence in striking the animal.

4. SAME: *Double damages for failure to give notice of the injury.*

   A plaintiff who claims double damages for injury to stock by a train, for the omission of the company to post notice of the injury, as required by *Section 5538, Mansfield's Digest,* must prove the omission. The *onus* is not upon the company to prove compliance with the statute.

5. PLEADING: *Negative matter: Proof.*

   In actions for a penalty, under a statute which contains negative matter, the complaint must contain the negative allegation and be sustained by *prima facie* proof, unless the matter be peculiarly within the knowledge of the defendant, in which case the allegation is taken as true unless disproved.

6. NEGLIGENCE: *Not presumed.*

   Neither courts nor juries can presume that a person or corporation has neglected to perform a duty enjoined by a statute.


APPEAL from *Fulton* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*Caruth & Erb* and *Newman Erb* for Appellant.

1.   There was no service in the justice's court on the railroad, and the justice had no jurisdiction in the premises, and the circuit court acquired none on appeal.

2.   No claim having been made in the justice's court for double damages for not posting, no claim for such should have been entertained in the circuit court.   *42 Ark., 485.*

3.   The verdict was contrary to the evidence.   The statutory presumption was effectually rebutted, and the company exonerated by the evidence.   *41 Ark., 163.*   The company did all in their power, under the circumstances, to save the colt. *78 Ky., 621.*

4.   The burden was on appellee to show that the colt *had not been posted* by the company.

*J. L. Abernethy* for Appellee.

1. Appearance before J. P. waives service.

SMITH, J.   Mrs. Summers sued the railroad company before a justice of the peace for killing her colt, and recovered judgment by default.   The defendant appealed, and in the circuit court attempted to get rid of the action upon a suggestion of want of jurisdiction in the lower court, alleging that no valid service of process had been made upon it.   But the attempt was unsuccessful.   The circuit court does not sit to review and correct errors and irregularities committed in the magistrate's court, but tries the cause anew on its merits.   By appealing the defendant made itself a party to the proceeding, and could not object to the jurisdiction over its person.   *McKee v. Murphy, 1 Ark., 55; Smith v. Stinnett, Ib., 497; Ball v. Kuykendall, 2 Id., 197; Sykes v. Laferry, 25 Id., 99.*

1. RAILROADS: Killing stock: Proof of negligence.

The jury found for the plaintiff, and that the value of the colt was $20.   Their verdict is not unsupported by evidence.

The animal was killed by a passing train. It was, therefore, incumbent on the company, under the statute, to show that it had exercised due care and caution in the operation of its train. The testimony tended to prove that the train was running an ascending grade at night with a speed of twelve or fifteen miles an hour; that the colt was discovered on the track fifty yards ahead, and, as the jury might well believe, running in the same direction that the train was pursuing, and that the only means used to avoid the accident were to blow the whistle and to shut off the engine. The fireman indeed says that all possible efforts were put forth to save the colt after discovery of the danger; but he does not mention the usual appliances that are resorted to under such circumstances, as the application of brakes, sanding the track, etc. The jury might with reason conclude that the presumption of negligence raised by the striking of the animal, was not rebutted.

3. SAME.

The jury also found specially that notice of the killing had not been posted, and the court in consequence doubled the damages. *Sec. 5538 of Mansfield's Digest* requires a description of live stock killed or injured by trains to be posted at the nearest depot within a week, and the same to be kept posted for twenty days. One witness swore that he had examined the side of the depot-house at the nearest station, where such notices are usually put up, two or three days after the killing, and had found no advertisement. This is not sufficient, as the law may have been complied with afterwards. But the jury doubtless felt themselves bound by the direction of the court upon this subject, that proof of such compliance devolved on the defendant.

4. Double damages for failure to give notice.

As a general rule, both in civil and criminal cases, the burden of proof rests upon him who asserts the affirmative of a question in dispute. But there are well defined exceptions, in which the proposition, though negative in its terms, must be proved by him who advances it. Thus, if the plaintiff grounds

5. PLEADING: Negative matter: Proof.

K. C., S. & Memphis R. R. v. Summers.

his right of action upon a negative allegation, the establishment of this negative is essential to make out his case. Here Mrs. Summers' claim to double damages is based upon an averment that the company did not advertise. Hence she must offer some proof of the failure to advertise; not very stringent, perhaps, but such proof as, in the absence of counter testimony, would warrant a jury in inferring that notice had not been given.

Again, Mrs. Summers' action may be regarded in the light of a prosecution for a penalty given by statute. The rule in that case is that, if the statute, in describing the offense, contain negative matter, the complaint must contain a corresponding negative allegation and it must be supported by *prima facie* proof; unless, indeed, the matter lies peculiarly within the knowledge of the other party, in which case the allegation is taken as true, unless disproved by that party. This last qualification finds its illustration in prosecutions against unlicensed persons for doing acts which are unlawful without a license; for example, to sell liquors, or to practice certain professions. *1 Gr. Ev., Secs. 78–9; 1 Whart. Ev., Secs. 356–7; Hopper v. State, 19 Ark., 143; Williams v. State, 35 Id., 430.*

6. Negligence not presumed. — Now, the failure to give notice is not a fact that is incapable of proof, nor is it peculiarly within the knowledge of the railroad company. It is a matter to which any one might testify, who had inspected the depot-house after the lapse of a week from the occurrence of the casualty, and within the period of twenty days thereafter. Neither courts nor juries can be permitted to indulge the presumption that a person or a corporation has neglected to perform a duty which the statute casts upon him or upon it. This is contrary to a well settled principle that governs in judicial investigations.

If the plaintiff shall before the end of the term, enter a remittitur of $20, her judgment will be affirmed, otherwise it will be reversed for a new trial.