WILLIAM ROBARE, PLAINTIFF IN ERROR, v. A. M. KENDALL, DEFENDANT IN ERROR.

Appeal from Justice of Peace: UNDERTAKING. In an action pending before a justice of the peace, judgment was rendered in favor of plaintiff and against defendant. Defendant appealed to district court. At a succeeding term of the district court plaintiff moved the court for an order requiring a further undertaking on appeal. The motion was sustained and defendant ordered to give a further undertaking within twenty-five days, and that if not filed in said time the appeal to be dismissed.

The undertaking was not filed within the time prescribed by the order, but at the succeeding term of court defendant appeared and filed a showing in effect that the security upon the undertaking for appeal was sufficient, and asked further time in which to file additional undertaking, if one were required. Time was granted by the district court. *Held*, No error, the first order requiring the additional security not being complied with and the court not having lost its jurisdiction of the case.

ERROR to the district court for Valley county. Tried below before TIFFANY, J.

*M. Randall* (*E. W. Metcalfe* with him), for plaintiff in error, cited : Maxwell's Pl. and Pr., 745. *Iler v. Darnell*, 5 Neb. 192. *Taylor v. Fitch*, 12 Ohio State, 172. *Smith v. Pinney*, 2 Neb., 145. *Hansen v. Bergquist*, 9 Id., 269.

*A. M. Robbins*, for defendant in error, cited : *Miller v. B. & M. R. R.*, 7 Neb., 227. *Preuit v. People*, 5 Neb., 382.

REESE, J.

This action was originally commenced before a justice of the peace of Valley county, judgment in that action being rendered in favor of plaintiff therein. Defendant appealed to the district court. At the May term, 1886, of that court the plaintiff filed a motion in which he moved the court to require defendant to give additional security on the undertaking for appeal. This motion was sustained, and the following order was made and entered upon the journal : "Now, on this 21st day of May, 1886, at the coming in of the court, the defendant, by his attorney, A. M. Robbins, filed an affidavit to show cause why he should not be required to give additional undertaking on appeal. After due consideration the court ordered that the defendant give a further undertaking on appeal within

twenty-five days, and that the defendant should file said good and sufficient undertaking, to be approved by the clerk of this court, and that if not filed in said time this appeal to be dismissed at the cost of the appellant, amounting to $18.93.

It appears from the record that the additional security was not given within the twenty-five days, nor at any time until the subsequent term of the district court held in December, 1886, when, upon motion of defendant, further time was given in which to file additional appeal bond, the order as entered upon the journal being as follows:

"Now on this 20th day of December, 1886, this cause came on for hearing, on motion by the defendant to be allowed to proceed to trial, and on consideration of which the same is sustained and the said defendant ordered to give additional security on the appeal bond within five days, the same to be approved by the clerk of this court."

Plaintiff complains of this last order, and brings the case into this court by proceedings in error. The allegations of his petition are, *First*, That the court erred in not denying the motion of defendant and granting further time in which to file amended undertaking on appeal; *Second*, The court erred in sustaining the motion; and *Third*, The court erred in giving defendant five days in which to file said undertaking. The contention on his part is, that the order of May 21st not being complied with, the cause was dismissed and the court had no jurisdiction or authority to make the subsequent order.

The defendant in error filed his motion in this court to quash the proceedings in error and strike the case from the docket, for the reason that a final judgment had not been rendered in the district court as appears from the record.

The real question presented by the petition in error is, whether the order of the 21st day of May was a final order, and had the effect of dismissing the case, its terms not being complied with. The question presented by the

motion is identical with that as by the petition in error. The motion will therefore not be considered, and the case will be disposed of upon its merits.

If the order of May 21st was final, and the failure of defendant to comply with its terms by the day fixed had the effect of dismissing the case, it is apparent that at the subsequent term of court no jurisdiction could be had in the premises, and the order complained of by the plaintiff in error in this court would be void. But we do not think that order was final. The motion then pending before the court was to require additional security on the appeal bond. This motion was sustained and the security required. The time within which the security could be given or the amended undertaking filed was fixed at twenty-five days, the language of the order being: "That if not filed in said time this appeal to be dismissed," etc. Had the twenty-five days expired during the session of the court, it would have been proper for the court, upon its attention being called to the fact that the amended undertaking had not been filed, to enter a final order of dismissal, and the case would then have been dismissed. Court was not in session at the expiration of the time, and no action was taken, so far as the record before us discloses, until the next term of court, in December following.

Section 1016 of the civil code provides that, "In proceedings on appeal, when the surety in the undertaking shall be insufficient, or said undertaking is insufficient in form, it shall be legal for the court, on motion, to order a change or renewal of such undertaking, and direct the same to be certified to the justice of the peace from whose judgment the appeal was taken, or that it be recorded in said court."

Under the provisions of this section it was entirely competent for the district court to order a renewal of the undertaking and that the same should be filed in that court. It was competent for the court, in making the order, to attach

thereto the additional order dismissing the action in case the bond was not filed, and had the court seen proper in the exercise of its discretion to have adhered to the order of dismissal and refuse to allow the filing of an amended undertaking at the next term, it would no doubt have been proper so to do, in case its discretion was not abused. In the order of May 21st the right of defendant to file an amended undertaking might have been cut off and the cause dismissed at the December term, but the district court, doubtless in furtherance of justice, saw proper to permit the additional bond to be filed. In this we can see no error. There is no statutory provision covering cases of this kind, neither have there been any adjudications in this state upon this question, but so far as we are advised the practice throughout the state has been in accordance with the proceedings of the court below.

No error appearing, the order of the district court is affirmed.

ORDER AFFIRMED.

THE other judges concur.