KING BROTHERS, PLAINTIFFS IN ERROR, v. FLORA B.
JACKSON AND A. H. JACKSON, DEFENDANTS IN
ERROR.

Costs: SECURITY: DISMISSAL OF ACTION. A cause was insti-
tuted in the district court, by a non-resident of the state, who
failed to give security for costs at the commencement of the
action.    Upon motion of the defendant to dismiss the cause for
that reason, the district court, upon an application of plaintiff,
entered an order permitting plaintiff to file the necessary secur-
ity for costs within thirty days, "and in default thereof the
cause to stand dismissed." The required security was not
given until after the expiration of the thirty days.    The cause
was placed upon the docket of the next term of the district
court, when defendant moved to strike it therefrom, for the rea-
son that the action had been dismissed by the prior order of the
court, and the default of the plaintiff, which motion was sus-
tained. *Held,* That the decision of the district court was
erroneous.

ERROR to the district court for Pawnee county.    Tried
below before BROADY, J.

*J. K. Goudy,* for plaintiffs in error, cited : *Muldon v.
Place,* 6 Pac. Rep., 479.    *Haskins v. Citizens Bank,* 12
Neb., 39.    *Sprague v. Haight,* 6 N. W. Rep., 275.    *Mor-
gan v. Bishop,* 21 N. W. Rep., 263.    *Bank v. Benjamin,*
Id., 523.    *Ensign v. Roggencamp,* 13 Neb., 32.    *Whereatt
v. Ellis,* 31 N. W. Rep., 762.

*J. L. Edwards,* for defendants in error.

REESE, CH. J.

The facts out of which this cause has grown may be
stated as follows:    Plaintiffs in error instituted their
action in the district court against defendants in error
upon a book account for goods sold and delivered, the

balance alleged to be due being $115.75. An affidavit of non-residence was filed and an attachment procured, which was followed by the publication of notice in the usual way. The order of attachment was levied upon certain real estate. On the 15th day of December, 1885, defendants appeared specially by their attorney, and filed objections to the jurisdiction of the district court. These objections were overruled, and the cause continued with leave to plaintiffs, or rather to the sheriff, to amend the return to the order of attachment so as to conform to the facts. On the 5th day of May, 1886, defendants filed a motion to dismiss the action, for the reason that at the time of its institution plaintiffs were, and had continued to be, non-residents of the state, and had failed to give security for costs as provided for by section 612 of the civil code. Pending this motion plaintiffs asked leave to file the necessary security within a reasonable time, to be fixed by the court, when the following order was made: "Leave to plaintiffs to give security for costs within thirty days, and in default thereof the cause to stand dismissed." This order was made on the 6th day of May, 1886. No undertaking for costs was filed until the 7th day of June of the same year, which was more than thirty days after the entry of the order above quoted. On the 29th day of January, 1887, and at the next term of court, defendants moved to strike the case from the docket, for the reason that the order of May 6th had not been complied with by giving the required security within the time designated. This motion was afterwards sustained, and the cause stricken from the docket. Plaintiffs allege error, and bring the case into this court by proceedings in error, seeking to reverse the order striking the case from the docket.

No brief is filed by defendants in error. It is the opinion of the writer that the district court did not err, and that the cause was dismissed by the order of May 6th, and by the default of plaintiffs in failing to file the security

within the time designated ; and that the case should not have been placed upon the docket for the subsequent term, or if such were not the case, the matter rested in the discretion of the district court, and that its order striking the case from the docket was not an abuse of such discretion. *Robare v. Kendall*, 22 Neb., 677.    But the majority of the court are of a different opinion, and hold that the court had not lost jurisdiction of the case ; that it appears that an honest effort had been made to comply with the order of the court, the undertaking having been filed one or two days after the expiration of the short time fixed within which to file the same, and there being no default at the time the motion of defendants in error to strike the case from the docket was filed (the undertaking being then on file), the district court retained jurisdiction and authority over the case, and should have permitted the cause to remain upon the docket for trial.    Such, therefore, must be the holding of this court.

The judgment of the district court is reversed, and the cause remanded, with directions to re-instate the case upon the trial docket, and for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.