CHEATHAM v. MORRISON.

1. RESIDENCE—SERVICE—APPEARANCE.—Sureties cannot object to a judgment record against their principal on an allegation of his non-residence when served without order of publication, where the only evidence of non-residence is that he was in Georgia at certain times; it being shown that he was a resident of this State when a prior proceeding was commenced, and he having appeared to the action and given bond, and bound himself to pay the judgment when recovered.

2. CONTRADICTION OF JUDGMENT—EVIDENCE.—Where a judgment is responsive

to the issues, it cannot be objected to on account of the absence from the record of a formal statement of the amount claimed; it cannot be contradicted by proof of what was, or what was not, tried.

3. AN EXCEPTION, based upon a misapprehension of the trial judge's ruling, overruled.

4. JUDGMENT—CONSTRUCTION—REPLEVIN.—The trial judge properly charged the jury, that a judgment for plaintiff in replevin was a breach of the condition of a replevin bond given by defendant in that action. It is for the judge to construe a judgment offered in evidence.

Before NORTON, J., Abbeville, October, 1890.

This was an action by James H. Cheatham against B. L. Morrison and Basil Manly, sureties on a replevin bond, commenced September 8, 1890. The judge charged the jury as follows:

*Gentlemen of the jury:* The facts that have been testified to in this case are these: that the defendants here, with M. M. Seawright, gave a bond to replevy some property which was taken under an agricultural warrant. The bond I judge to be a valid bond if properly executed and delivered, and the sheriff says that that is the bond which was delivered to him. So, if you are satisfied that that is the bond delivered in this case, that was produced before you, then so much of the plaintiff's case would be established. It was necessary for the plaintiff to show that the condition of this bond has been broken. This he has shown by a judgment of the court, which fixed the liability of Seawright. Now, I do not construe that judgment and the condition of the bond as the plaintiff's attorney does. I do not think that it is a recovery of $412 and also of $250, but it is a recovery of $412, the amount due for the rent. Of course, no court will give a judgment for the amount of the rents themselves in addition. That would be an absurdity, and, therefore, the judgment must be construed in the light of the pleadings before. There is no proof that any damages have been sustained, but it is proper for you to consider the amount for which judgment was given. The interest was included to make up the judgment of Judge Izlar, and we cannot question now whether it was right or wrong—it is conclusive.

Then, the question for you is, whether that judgment, or any part of it, has been paid. If the judgment of $412 has been paid, why, then, of course, the plaintiff would be entitled to no judgment against the defendants on this bond; because the defendants were only bound by their bond to see that M. M. Seawright should pay whatever judgment was obtained. If you decide the facts in favor of the plaintiff, you will find a judgment for him against the defendants for the amount that Judge Izlar found, with interest from that date up to the present, for the judgment bears interest. It seems to me that there is nothing else that will help you in coming to a conclusion. You will say, "we find for the plaintiff $412 and interest from that date up to the present time," or, "we find for the defendants."

The jury found a verdict for $423.27. Judgment was accordingly entered up, and the defendants appealed.

*Mr. Eugene B. Gary,* for appellant.

*Messrs. Graydon & Graydon,* contra.

September 22, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. This action was tried before his honor, Judge Norton, and a jury, at the October term, 1890, of the Court of Common Pleas for Abbeville County. On a verdict for the plaintiff, judgment was duly entered. Thereupon the defendants appealed. The facts of the controversy that occurred up to 1889 are fully set forth in the judgment of this court, in the case of *Cheatham* v. *Morrison and Maddox,* 31 S. C., 326. The result of that case was that the plaintiff was remitted in the court below to his rights in the subject matter of this controversy, and to have the same enforced, as provided in sections 2398 and 2399 of the General Statutes of this State. Accordingly we find in the "Case" that the plaintiff here gave notice to M. M. Seawright and also to the defendants, Morrison and Maddox, that he would apply to the Court of Common Pleas for Abbeville County for an order requiring said Seawright to

turn over to the sheriff of such county the property replevied by him in the proceedings set on foot in 1885 by the plaintiff to enforce his statutory lien for rent, by virtue of Seawright's bond, to which Morrison and Maddox were sureties, or in case said property could not be produced, then for judgment for the value thereof. Under these proceedings judgment was recovered against Seawright for $412.91, before Judge Izlar, 12 June, 1890. The sheriff made return of *nulla bona.* No property was turned over. Thereupon this action was brought against Maddox and Morrison. The trial, as before stated, resulted in a judgment for the plaintiff against them identical, except interest from 12 June, 1890, to date of verdict was added, with that against Seawright.

We will now examine the grounds of appeal, eight in number originally, now only seven, as appellants have abandoned their first ground of appeal.

"2. Because his honor erred in allowing plaintiff to introduce the record purporting to be a final order or judgment in the case of J. H. Cheatham *v.* M. M. Seawright, when the testimony showed that Seawright for years past had been a non-resident of this State, that no order for publication to serve said Seawright was made, nor was appearance or answer made by said Seawright." The statements of the "Case" relating to Seawright's residence at the time of the issue against him in June, 1890, seem to be these: He was a citizen of Abbeville County, in this State, in 1884, and in the year 1885, when plaintiff began proceedings to enforce his statutory lien for rent on crops raised by Seawright in Abbeville County during the year last named, and when the replevin bond was given, Seawright, under hand and seal, stated his residence as "near Donaldsville, Abbeville County, in this State." Thus it will be seen that when the proceedings were begun to enforce the lien, he acknowledged his residence in Abbeville County, in this State.

Mr. Greenleaf, at section 41 of his work on Evidence, states the rule in these words: "When, therefore, the existence of a person, a personal relation, or a state of things, is once established by proof, the law presumes that the person, relation, or

state of things, continues to exist as before, until the contrary is shown, or until a different presumption is raised, from the nature of the subject in question." There is no testimony in the "Case," that Seawright was residing in the State of Georgia at the time judgment was obtained against him. There is such allegation in the answer. The utmost point to which the testimony goes in this direction is that Seawright was served with a notice while at some place in the State of Georgia, and that he wrote a letter from that point. It will be seen, therefore, that there has not been established in this case any permanent change of residence of Seawright. But, besides, Seawright voluntarily made himself a party to these proceedings when he signed the notice to the sheriff and when he entered into the replevin bond; not only so, but by the express language of such bond, he thereby undertook, and bound himself to the plaintiff in the sum of $500, "for the delivery of the property to the plaintiff, if such delivery shall be adjudged, and for the payment of such sum as in this action *for any cause* be recovered against *the defendant.*" Upon these considerations, without considering the effect of the judgment itself, we are obliged to overrule this ground of appeal.

"3. Because his honor erred in refusing to grant the motion for a non-suit, when the testimony showed that there had not been a statement prepared by J. H. Cheatham after the commencement of the special proceeding to seize the crops mentioned in the testimony." In the "Case" here it appears that the record of the judgment of plaintiff against Seawright, the principal in the replevin bond to the sheriff, was introduced by the plaintiff. By the ground of appeal here to be considered, appellant insists that such record disclosed the absence of any formal statement of the amount due by the said Seawright under the statutory lien for rent. Can a judgment record that is responsive to the issues necessarily involved, be contradicted by proof of what was or was not tried? This court has held that it cannot be done. *Trimmier* v. *Thomson,* 19 S. C., 247. The statement referred to by appellant relates to the amount due for rent by the lienor, Seawright, to the

lienee, Cheatham, and was an issue necessarily involved in the judgment. This ground of appeal must be dismissed.

"4. Because his honor erred in refusing to grant the motion for a non-suit, where there was a total failure of the testimony on the part of the plaintiff that there had been a breach of the bond sued upon." The appellants in their argument very frankly admit that this ground of appeal depends upon the views of this court on the second and third grounds of appeal here. Having held that the judgment in question was properly admitted, and that it was conclusive, at least *prima facie*, of all issues necessarily involved therein, and to that event being testimony in the case at bar, of course it follows that there was not a total failure of the testimony. This ground of appeal is, therefore, dismissed.

"5. Because his honor erred in ruling that the defendants were not entitled to offer testimony, showing that the amount claimed to be due by Seawright to Cheatham was not for agricultural purposes." There is an evident misapprehension in the minds of appellants on this point, for the "Case" fails to disclose that the Circuit Judge refused them any privilege in this particular. This is the language of the "Case:" "After his honor refused the motion for a non-suit, defendants' attorneys asked his honor if his ruling was that the judgment of Judge Izlar was conclusive of the rights of these defendants. His honor ruled that the judgment of Judge Izlar was conclusive of a breach of the bond. Whereupon defendants' attorney announced that he would offer no testimony." Such being the facts, of course, there was no error such as complained of.

"6. Because his honor erred in allowing plaintiff to offer in evidence the record purporting to be a final order or judgment, unless he had shown that it was made after a statement had been prepared in pursuance of the requirements of law." Having already held that where the judgment roll shows a judgment responsive to the issues that this court will not recognize the right of a party to show what was or was not proved at that trial, we do not see any necessity to linger over this ground of appeal. We might remark in passing, however,

that we do not perceive how the Circuit Judge, as a condition precedent to the introduction of a judgment record that was competent evidence in the case, should insist that any or every element that entered into such cause of action, appeared as an integral part of such record at the time it was offered.   The absence of any such integral part of the record might be questioned after its introduction. This ground of appeal is dismissed.

"7. Because his honor erred in charging the jury upon the facts of the case, when he charged that the plaintiff has shown that the condition of the bond had been broken—that he had shown this by a judgment of the court, which fixed the liability of Seawright." The construction of a written paper is a question of law for the court, and not a question of fact.   *Pelzer, Rodgers & Co.* v. *Steadman*, 22 S. C., 288. The bond in this case had to be construed by the Circuit Judge; it was for him to say what the condition therein appeared was. The legal effect of a record offered in evidence is also the duty of the Circuit Judge to declare.   When the decisions of the courts of this State declare what constitutes the breach of a bond, such is a question of law, and it is not error for the Circuit Judge to so state the law; it is his duty to do so. *Thomson* v. *Joplin*, 12 S. C., 580.   In the case at bar, the Circuit Judge merely complied with these requirements.   This ground of appeal is dismissed.

"8. Because his honor erred, in commenting upon the facts of the case, when he charged the jury, that the interest was included to make up the judgment of Judge Izlar, and we cannot question now whether it was right or wrong; it is conclusive." From the principles hereinbefore announced, it is obvious that there was no mistake made by the Circuit Judge; the words he used were such as were necessary to give to the jury a construction of the judgment in question.   This ground of appeal is dismissed.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.