FRANK FOWLER v. EMMA J. FOWLER.

(Filed September 6, 1905.)

1. PLEADING AND PRACTICE—Security for Costs—Failure to Give Where a plaintiff institutes an action in the district court or in the probate court under the district court procedure, and fails to give security for costs before the summons issues, the remedy of the defendant is by special appearance and motion to quash the summons, it is an error to dismiss the cause upon such a motion.

2. SAME—Statutes Construed. The provisions of the civil code, sec. 4773, Wilson's Stat. 1903, requiring the plaintiff to give security for costs before the summons shall issue in any civil action brought in the district court, are neither jurisdictional nor mandatory as to the time such security may be given, and the court in the exercise of a sound discretion may permit a plaintiff to give such bond after a motion by the defendant to quash the summons.

3. SAME—Replevin—Redelivery Bond Constitutes Appearance—Estoppel. Where property has been taken upon a writ of replevin and the defendant within the time allowed by law executes a redelivery bond to the plaintiff, conditioned that the defendant will deliver the property to the plaintiff if such delivery be adjudged and will pay all costs and damages that may be awarded against him, and the sheriff returns the property to the defendant, the giving of such bond is an appearance to the action, and estops such defendant from objection to a defect in the service of summons.

4. SAME—Appeal from Probate Court. Where an action of replevin is brought in the probate court exercising concurrent jurisdiction with the district court, and the defendant appeals the cause to the district court on questions of both law and fact, the district court then tries the cause de novo and does not sit as a court of review to correct errors, the giving of the appeal bond is an appearance to the action and waives any question at to the jurisdiction of the court over the person of the defendant.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*D. K. Cunningham,* for plaintiff in error.

*Stevens & Miller,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error Frank Fowler, brought an action in replevin in the probate court of Kingfisher county against the defendant in error, Emma J. Fowler, to recover possession of certain chattels of the alleged aggregate value of $233.00. The plaintiff gave a replevin bond, and procured a summons to issue, and the sheriff seized the property under the writ. The defendant gave a redelivery bond and retained possession of the property. The cause was one within the jurisdiction of the district court, and is governed by the procedure prevailing in said court. The defendant in apt time appeared specially, and moved to quash the summons for the reason that no security for costs had been given by the plaintiff. The court overruled the motion, and gave the plaintiff leave to file a bond for costs, which bond was given, and was approved by the court. The defendant then filed her answer. On the trial a jury was waived, and the cause submitted to the court. The court rendered judgment for the plaintiff for the possession of the property, found the value to be $225, and assessed the damages at $22.00, and taxed the costs in the sum of $74.70 to the defendant.

The defendant appealed to the district court of Kingfisher county on both questions of law and fact, and there renewed the motion to quash the summons. The court overruled the motion, and set the cause for trial. On the trial day the defendant moved the court to reconsider the former ruling, and to sustain the motion to quash the summons. The court heard this motion, and vacated its former order, and entered an order dismissing the cause, for the reason that the plaintiff had failed to give a cost bond at the commence-

ment of the action, and rendered judgment against the plaintiff for all the costs. From this last judgment of dismissal the plaintiff has appealed to this court.

We think it is clear that the court erred in dismissing the cause. There is no law in this Territory which requires a plaintiff to give security for costs as a condition precedent to filing a petition. The code regulating civil procedure in the district court and applicable to the probate court in this class of cases, section 4773, Wilson's Stat. 1903, provides: "In any civil action hereafter brought in any district court of this territory, before the clerk shall issue summons there shall be filed in his office by or on behalf of the plaintiff or plaintiffs, a bond to be approved by the clerk, conditioned that the plaintiff or plaintiffs will pay all costs that may accrue in said action in case he or they shall be adjudged to pay them, or in case the same cannot be collected from the defendant or defendants if judgment be obtained against him, her or them, that the plaintiff or plaintiffs will pay the costs made by such plaintiff or plaintiffs." This is followed with other provisions allowing poor persons to prosecute without giving bond, and permitting money to be deposited as security in lieu of the bond required.

It will be observed that this statute prohibits the clerk from issuing summons until the plaintiff has given the required security for costs, hence, if a summons shall issue before the security is given, the court will ordinarily on motion, quash the summons for the reason that it prematurely issued. But the statute does not make the giving of security for costs a condition precedent to the right of the plaintiff to bring an action or to commence proceedings.

In the case of *Cole v. Hoeburg,* 36 Kans. 263 the supreme court of Kansas in construing the provisions of this same section, speaking through that eminent jurist Valentine, held that where service was held by publication of notice instead of by the issuance and service of summons, no security for cost is required by the statute.

By the failure of the plaintiff to give security for costs before summons issues, the defendant has two remedies: he may make a special appearance and move to quash the summons, or he may waive the irregularity, appear generally, and move to have security for costs given before he pleads. In the case at bar the defendant followed the former course, but the court overruled the motion, and gave the plaintiff a limited time within which to file a bond for costs, and ruled the defendant to plead. Was this such prejudicial error as to warrant a judgment of dismissal, or had the probate court, in the exercise of a sound discretion, the power to allow the required security to be given after the summons issued? The district court sits in this class of cases as a court of original jurisdiction, to try the cause *de novo,* and not to review errors of law. It is well to bear in mind that the judgment of the district court exceeds the relief asked for in the motion. The defendant only moved to quash the summons, but the court went farther and dismissed the case, and this ruling constitutes reversible error; and the cause will in any event have to be remanded and reinstated, and if the court had no authority to accept the bond after the summons issued, then the motion to quash must be sustained, and the plaintiff given leave to file a bond for costs, and procure a new summons to issue in this cause. But as the question is presented by the record and argued by counsel as to whether the

court had the power after the service of summons to permit a cost bond to be filed, we think it important that the question be here determined. In the investigation of this question, we gain but little light from the adjudicated cases. There are a number of the states which have laws requiring security for costs to be given prior to the commencement or institution of a civil action. Many of these statutes have provisions authorizing the court to permit the security to be given after the action is commenced, while some contain provisions authorizing a dismissal of the action if the statute is not complied with. The weight of authority seems to hold that the matter of security for costs is primarily for the protection of the defendant, and that the parties may, by their failure to require a compliance with the statute, waive its provisions, and that the time of the giving of the security is largely discretionary with the court. Our attention has been directed to but few statutes which contain a provision similar to ours, requiring the security for costs to be given before summons issues. In the case of *Cook v. Caraway*, 29 Kans. 41, the court held by Horton, C. J., that where the clerk issued a summons in a civil action, upon a bond filed for costs on which a practicing attorney residing in the district where the action was commenced was the only surety, the summons was improvidently issued and should be quashed and set aside on a motion filed by the defendant for that purpose. We have no doubt this case states the proper practice in such cases. But if the court in the exercise of its discretion permits the bond to be given after the summons has issued, as was done in this case, is such action fatal to a judgment subsequently rendered on the merits?

The civil code of California requires the giving of a bond for costs in all actions for damages, for libel, before summons shall issue. In the case of *Dixon v. Allen,* 69 Cal. 571, 11 Pac. 181, the supreme court of that state held that "The object of the statute is accomplished if, when the objection is made, the undertaking is executed and the defendant thus secured and the costs and charges which may be awarded to him;" and it was there said that the court is not deprived of jurisdiction in case the undertaking is not filed.

In the case of *Stinson v. Carter,* 78 Cal. 571, 21 Pac. 304, the same court held that it was error to dismiss the cause upon an objection made by the defendant that the undertaking for costs was not filed until after the summons had been issued for a considerable time.

The Arkansas statute contains a provision requiring non-residents before instituting a suit in law or equity, to file in the office of the clerk of the circuit court, the obligation of some responsible person, resident of the state, acknowledging himself bound to pay all costs which may accrue in the action, and further providing that: "If any such suit shall be commenced without filing such obligation, the circuit court shall on motion dismiss the same." In the case of *Perkins v. Reagan,* 14 Ark. 47, the supreme court said: "Although the statute is in its phraseology imperative, the exercise of a sound discretion by the circuit court in cases analogous to the one under consideration has heretofore been recognized in furtherance of justice."

In the case of *Robinson v. Meyer,* 25 Ark. 79, the circuit court permitted a non-resident to give bond for costs pending a motion to dismiss for want of such bond, and the supreme court sustained the ruling, and held that such statute vests

a discretion in the court either to dismiss the cause or permit the bond to be given after the summons has issued. To the same effect are: *Campbell v. Garrett,* 24 Ark. 279; *Town v. Evans,* 11 Ark. 10, and *Magdlin v. Slay,* 11 Ark. 696.

The statute of Nebraska has the following provision: "In cases where a company shall sue in its partnership name, such company shall procure the writ to be endorsed by a responsible surety, residents of the county for costs, or otherwise give security for costs." (Sec. 26, civil code, stat. 1889.) The supreme court in *King Bros. v. Jackson, et al.,* 25 Neb. 466, held that it was error to dismiss the cause when the security for costs was given after the commencement of the action. In *Haskins v. Citizen's Bank,* 12 Neb. 39, the court said:

"As to the requirement of security for costs, that is in no respect jurisdictional. It is merely a statutory regulation for the special benefit of the defendant, and which he may waive and indeed does waive, by failing properly to insist upon its enforcement. If in such case no security has been given, and the defendant, as he may do, moves for a dismissal of the action on that ground, the justice should, by a conditional order, require it to be furnished within a reasonable time, and if not, that the motion be granted. Accordingly we hold that it was not too late, after the service and return of summons, to give the required security for costs."

In Michigan, the statute prescribing the procedure in justice's courts, provides that "in all cases plaintiffs who are not residents of the county in which the suit is brought shall give such security, before process shall issue." (Compiled Laws 1871, vol. 2 ,sec. 5259.) In construing the powers of the court under this section, the supreme court held in *Gray v. Wilcox,* 56 Mich. 58, that it was not error to overrule a mo-

tion to dismiss for failure to give security before the process is issued, where the security for costs was given upon the return day of the summons.

By the statutes of Minnesota, sec. 5518 and 5519, statutes 1894, it is required that all non-resident plaintiffs shall give security for costs before the summons is served, and on failing to give such bond, the court on motion of the defendant may order a stay of all proceedings, or may dismiss the action at the costs of the plaintiff's attorney. Under these provisions it was held that where the bond was not given prior to service of the summons, that the court should permit it to be filed *nunc pro tunc.* (*Henry v. Burns.* 43 Minn. 295.)

These cases interpreting statutes positive in their terms and similar in their objects to ours, establish the doctrine that such statutes are not mandatory or jurisdictional, and that a failure to comply with the terms of the statute will not be fatal if complied with within such time as the court shall in the exercise of a sound discretion allow. And we think this interpretation a reasonable one. The statute requiring a plaintiff to give security for costs has a two fold purpose: First to secure the defendant against loss if the cause be unjust; and second, to enable the officers to collect for their services performed in the case at the instigation of the plaintiff. The giving of security, or the failing to give the same is not jurisdictional; the clerk should not issue a summons until the plaintiff has complied with the requirements of the statute, yet should he inadvertently do so, the summons is not void, and the court on motion of the defendant will quash and set it aside unless the plaintiff shall, within such reasonable time as the court shall fix, give the proper security for costs, or, if no offer is made to secure costs, the court will

quash the summons in the first instance, and send the plaintiff out of court to procure a new summons to issue.

In the case at bar the summons was improvidently issued; the defendant in proper time moved to quash the summons; the plaintiff was allowed by the court time in which to file the bond; the security was given within the time and was approved by the court. This cured the error, unless there was such an abuse of discretion as to invalidate such action, and we fail to discover any such abuse.

The case was then tried on its merits, and the plaintiff recovered a judgment for the property, damages, and costs. The defendant appealed to the district court, where the cause was dismissed because the bond was not given before summons issued. This action of the district court was erroneous, for the causes stated, and for the further reason that the defendant after appeal to the district court was estopped from questioning the jurisdiction of the court over her person. The district court in cases on appeal from the probate court is not a reviewing court; it does not determine the cause upon errors of law committed by the probate court, but in the trial of the cause exercises original jurisdiction, and tries the cause *de novo*. The defendant had two remedies open to her; when judgment was rendered against her in the probate court, she could have proceeded by writ of error in the supreme court, and there had reviewed as a matter of law, the ruling of the probate court upon her motion to quash the summons. The proceedings in error would constitute a new action in the supreme court, and by pursuing such a remedy the defendant would not appear to the judgment rendered against her, or waive her rights to have the question of jurisdiction of the probate court over her person de-

termined. But she did not pursue this remedy, but elected to take an appeal to the district court, and gave an appeal bond, and thus gave the district court original jurisdiction of the cause through her appeal.

The almost unbroken line of decisions is that such actions makes the appealing party a party to the suit, and cannot be heard to question the jurisdiction of the court over the person. (*Sykes v. Laferry,* 25 Ark. 99, *K. C. F. S. & M. R. R. Co. v. Summers* 45 Ark. 295; *Wyatt v. Freeman,* 1 Colo. 14; *Gant v. C. R. I. & P. Ry. Co.,* 79 Mo. 502; *Gage v. Moryatt,* 23 Pac. 337; *C. O. & S. R. Co. v. Heath* 87 Ky 651; *Mason v. Alexander.* 44. O. St. 330.; *Foster v. Bourne et al.* 63, O. St. 169; *Pearson v. Kansas M'f'g Co.,* 14 Neb. 211; *Dunn. v. Haines,* 23 N. W. [Neb.] 501; 3 Cyc. 510.)

Our attention is called to the case of *The Chicago Building and Manufacturing Company v. J. Pewthers,* 10 Okla. 724, where this court held that "where a court has no jurisdiction over the particular cause or the person of the defendant, and the defendant appears specially for the purpose of calling the attention of the court to such irregularities, and the court thereupon overrules his motion to such jurisdiction, he may save his exception, file his answer, and proceed to trial without waiving such error, and he may take advantage of such error on appeal to a higher court." The rule stated in the case at bar is not in conflict with the rule enunciated in the Pewthers case, but is clearly distinguished. In the Pewthers case, the plaintiff, The Chicago Building and Manufacturing Company, brought its action against Pewthers before a justice of the peace. The defendant appeared generally, and applied for a change of venue from the justice. The change was granted, and the cause sent to the

probate court. The defendant appeared in the probate court, and objected to its jurisdiction on the ground that a change of venue was not authorized from a justice of the peace to the probate court. This motion was overruled, and the defendant answered and went to trial. The plaintiff was defeated and judgment rendered for the defendant.

The plaintiff appealed to the district court, where the defendant renewed his objection that the probate court had no jurisdiction, and hence the district court obtained none. This court held that the defendant, who was the appellee, and who had objected to the jurisdiction of the probate court at every step, was entitled to have the cause dismissed, and that he could be heard in the district court. In the case at bar, the defendant objected in the probate court, and being there defeated, by her own action and election brought the cause into the district court, and therefore subjected herself to its jurisdiction intead of taking the case to an appellate court, where the alleged errors of law could have been reviewed and corrected.

There is still another reason why it was error for the district court to dismiss the cause. The action was one in replevin; the plaintiff gave a replevin bond, filed his affidavit in replevin, and procured a writ to issue upon which the property was seized. The defendant within the time allowed by law executed to the plaintiff a redelivery bond, and retained possession of the property. The conditions of this bond, were that the defendant would deliver the property to the plaintiff if such delivery should be adjudged against her, and would pay all costs and damages that should be awarded against her. The statute requires that she shall execute such a bond before she may retain the possession of the re-

plevined property. The giving of such a bond and entering into such an agreement is an appearance in the cause, and waives the issuance of summons. This was expressly held in *Cheatam v. Morrison, et al.*, 37 S. C. 187, 15·S. E. 924, and we think the principle sound.

The judgment of the district court of Kingfisher county is reversed at the costs of the defendant in error, and the cause remanded with directions to proceed to try the case upon the merits.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.