No. 9531.

RYAN *v.* SCHOOL DISTRICT No. 2, DELTA COUNTY.

1. PLEADING—*Answer filed after time,* is not to be stricken out.

2. ——*Irrelevant matter.* Plaintiff whose motion to. strike the answer has been denied, is, under the statute, entitled to have stricken therefrom matter not properly belonging therein, and if this is denied him he is entitled to reply.

3. *Averment—Conclusions drawn from pleadings.* Action upon contract. Plea that the contract "as shown by the pleadings", was not to be performed within one year, *Held* not a statement of fact and not admitted by failure to deny it in the reply.

4. DAMAGES—*Violation of contract.* One who being entitled to employment for a time certain, under a contract, is denied such employment, may recover any diminution in what his income would have been if allowed to serve under the contract, even though he received other compensated employment for the period of his contract.

In any event he is entitled to nominal damages.

*Error to Delta District Court, Hon. Thomas J. Black, Judge.*

Mr. CHARLES A. MURRAY, Mr. E. C. CRAFT, for plaintiff in error.

Mr. F. M. GODDARD, Messrs. STEWART & STONE, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

PLAINTIFF in error brought suit against defendant in error, setting up in his complaint three causes of action: (1) For breach of contract to employ him for the school year of 1915-1916. (2) For expenses of a trip to Denver at the request of the president and secretary of said district; and (3) For the amount due on an order against said district given to plaintiff by his wife, for salary due due her.

A demurrer to the first cause of action was overruled, and sustained as to the others. The defendant was ruled to plead within a stated time, but an answer was not filed until two or three days after the expiration of said time.

Some days later plaintiff moved for a default, which motion having been denied, he moved that the answer be stricken from the files. This also was denied, and he was ruled to reply within ten days. Instead of filing a reply, however, he moved that certain parts of the answer be stricken. After the time for filing a reply had passed, defendant moved to strike plaintiff's last mentioned motion from the files, and for judgment on the pleadings for want of a denial of affirmative matter in the answer. This motion was granted, and judgment entered for defendant. The cause is now here on error.

We find no error in the ruling on the demurrer. Neither the second nor the third count states a cause of action. The striking from the files of plaintiff's motion to strike out parts of the answer is not, ordinarily, according to good practice. *Wier v. Bradford*, 1 Colo. 15.

In this case it appears that the motion to strike from the answer must have been regarded by the court as unwarranted because not within the terms of the order made when the court overruled the motion to strike the answer from the files. In this order plaintiff was given ten days in which to reply to said answer.

The court evidently interpreted the word "reply" as including only a denial of new matter in the answer, or what is commonly known as a replication. We think this interpretation is too narrow. Plaintiff had the statutory right to reply or demur, and having failed to secure the striking from the files of the answer, he was entitled to have stricken from the answer any matter not properly belonging therein. He could not therefore be compelled to deny the allegations of the answer, some of which it appears he considered to be wholly out of place in the answer. When his motion to strike from the answer was denied, he should have been given an opportunity to file a replication. Moreover, we are of the opinion that the affirmative matters of defense in the answer are not such as if uncontradicted entitled the defendant to a judgment upon the pleadings. The first of said special defenses is that the plaintiff had

been employed in another school for the year 1915-1916. The exact amount of his salary defendant is not able to state, but alleges, upon information and belief, that it was in excess of the salary plaintiff would have received had his alleged contract with the defendant been carried out. It is true, of course, that if the plaintiff had employment during said year his damages recoverable under the contract sued on might be reduced to the extent of the salary received. Whether or not plaintiff suffered damage by the breach of said contract would not depend wholly on the amount he received in his new field of labor. He might be able to show that his net income was less than it would have been had he been allowed to teach under the contract with defendant. In any event, however, he would be entitled to nominal damages and his costs, if he established a breach of the contract with defendant.

The second special defense was that, "The parol agreement for the year 1915—1916, alleged by plaintiff to have been made between plaintiff and defendant, if made at all, was and is, as shown by the pleadings, an agreement that, by its terms was not to be performed or performance thereof begun within one year from the making thereof; and that no such agreement or any note or memorandum thereof was or is in writing, etc." This merely alleges that the contract sued on, if made at all, was and is, *as shown by the pleadings,* an agreement not to be performed within one year. This is merely a statement of the inference drawn by the pleader from the pleadings. It is not a statement of fact as to the contract, but a conclusion, which is not admitted by failure to deny by replication. Only facts pleaded are admitted in such case. *Denver Circle Ry. Co. v. Nestor,* 10 Colo. 403.

The court properly exercised liberally its discretion in holding that the answer, though filed after the time limited therefor, should stand, but applied to the motion for judgment a narrow and unwarranted rule.

The judgment is therefore reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.