SUTLIFF, C.J., and PECK, BRINKERHOFF and SCOTT, JJ., concurred.

———

WILLIAM FEE v. THE BIG SAND IRON COMPANY.

1. The mode prescribed by section 66 of the code for the service of summons against a corporation supersedes the mode previously provided by section (97) of the corporation act of May 1, 1852, and thereby secures uniformity in the practice.

2. To make the service of a summons against a corporation by service upon one of its subordinate officers, specified in section 66 of the code or "by a copy left at the office, or usual place of business of such corporation, with the person having charge thereof," good, it must, in substance, affirmatively appear from the return of service, in the first case, that the chief officer of the corporation could not be found; and in the second case, that none of the specified officers—neither chief nor subordinate—could be found in the county.

3. If, after judgment by default against a defendant not within the jurisdiction of the court, because of defective service of summons, the defendant appears in court to give notice of appeal and has it entered on the record, he thereby appears in the action, and submits to the jurisdiction of the court, and can not afterward be allowed to deny such jurisdiction.

Evans v. Iles, 7 Ohio St. Rep. 233, and Marsden v. Soper, 11 Ohio St. Rep. 503, followed and approved.

ERROR to the district court of Vinton county.

In September, 1857, the plaintiff, Fee, filed his petition against the Big Sand Iron Company, a corporation, in the court of common pleas of Vinton county.

Summons was duly issued, and return of service made as follows: "Received this writ September 17, 1856; served the same by leaving a certified copy of this writ with the clerk of the Big Sand Iron Company at *their* office. Wm. Gold, sheriff of Vinton county, by H. Reynolds, deputy sheriff of Vinton county."

At the October term, 1857, the common pleas rendered judgment by default against the defendant. The defendant appeared, however, and gave notice of appeal, which was entered upon the record.

On the 17th day of June, 1859, the defendant filed a petition in error against the plaintiff in the district court, to

reverse the judgment of the common pleas; and at the September term, 1859, of the district court, the judgment was reversed.

To reverse this latter judgment the plaintiff has filed his petition in error in this court.

*E. F. Bingham*, for plaintiff in error.

*Welch & Dana*, for defendant in error.

BY THE COURT.—Section (97) of the act of May 1, 1852, to provide for the regulation of incorporated companies in the State of Ohio (S. & C. St. 310), provides that, " suits may be brought against corporations, other than railroad companies, in the same manner as against individuals, and service shall be made on the president, directors, secretary or agent in person, or by leaving a copy at the principal office of such company," etc.

The 66th section of the code of civil procedure, which took effect June 1, 1853 (S. & C. St. 963), provides that, " A summons against a corporation may be served upon the president, mayor, chairman of the board of directors or trustees, or other chief officer, or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

Held :

1. The mode prescribed by section 66 of the code for the service of a summons against a corporation, supersedes the mode previously provided by section (97) of the corporation act of May 1, 1852 (S. & C. St. 310), and thereby secures uniformity in the practice.

2. The service in the present case is not shown to be in conformity to the code. The sheriff's return fails to show that personal service could not be made, in the county, upon the chief officer of the company. A copy of a summons " left at the office or usual place of business of such corpo-

ration, with the person having charge thereof," is not good service, unless the return of service shows, in substance, affirmatively, that the chief or other specified officer of the corporation could not be found in the county.

The common pleas, therefore, did not, by the return upon the summons, acquire jurisdiction over the defendant. But:

3. The corporation, by appearing in court, and causing notice of its intention to appeal from the judgment, to be entered upon the record, thereby appeared in the action, and submitted itself to the jurisdiction of the court, and can not now be permitted, on error, to allege a want of jurisdiction in the court. *Evans* v. *Iles*, 7 Ohio St. Rep. 233; *Marsden* v. *Soper*, 11 Ohio St. Rep. 503.

The judgment of the district court must be reversed, and the cause remanded to the court of common pleas for proceedings on its original judgment.