Johmson, J.
On behalf of defendants it is assumed that “A. JKochheimer & Son ” is a company or firm, not incorporated as such, formed for the purpose of carrying on trade or business, or holding property within the state of Ohio,•within the purview of the act of February 27, 1846 (2 S. & C. 1138), upon which service can only he made by copy left at the usual place of doing business of such company or firm, within the county where the .suit is brought.
Hence it is claimed that the service in this case, by delivering to defendants in person a true and certified copy, was not a compliance with the second section of that statute, and therefore the judgment was void.
On the other hand it is claimed: 1st. That defendants were served personally, and therefore had aci/ual notice of the pendency of the áction and were bound to appear : 2d. That the entering of bail for stay ,of execution was an ' appearance in the case, and a waiver of any defect in the service of summons.
The name, “ A. Hochheimer & Son,” together with the plural form of the promise in the note, and in the return of the officer, as to service on “ defendants,” suggests an association of two or more persons under that name or style, but there is nothing that will warrant the assumption which forms the basis of the argument made by defendants, that the persons so associated are an unincorporated company or partnership, formed for the purpose of carrying on trade or business, or holding property in Ohio, which brings the case within the purview of section 1 of the act of 1846. For aught that appears of record, or in the agreed facts, it may iave been a partnership of another state, or a foreign or *218 domestic corporation doing business under that name. Names are arbitrary. Slocum v. Lord, 17 Ohio, 607.
In Haskins v. Alcott, 13 Ohio St. 210, it was held that this act of 1816 was applicable only to unincorporated companies, formed for and doing business, or holding property in. this state, and that the omission of a plaintiff suing in the firm name, to bring itself within the purview of that statute, can betaken advantage of by demurrer, under the second subdivision of section 87 of the code.
It was also held, that when a plaintiff firm obtained á judgment against a defendant firm, without proper averments that the former was an unincorporated Ohio company, within the-terms of that act, and afterwards brought suit in the firm name without such averments, under section 1 of the act, to-charge the individual members of the defendant firm with the-judgment, it was too late to raise the objection, and that the-court will presume that the original judgment was properly rendered.
If, therefore, there has been a proper service in this case, or a waiver of such service, the principles of the case just cited lead us to the conclusion that, after judgment, and upon.error,, we must presume that the judgment-before t the justice was-properly rendered. And this is true if we assume that the-defendants were an unincorporated Ohio company or firm.
If defendants were, in fact, an Ohio company or firm, then,, as it was sued in the firm name, service must be made on it by copy, at the usual place of business within the county, and personal service on the partners would not be a good service under this statute. But whether, in case of an actual service-on all the partners, followed by a judgment against the firm as such, the judgment would be reversed on error, we need not-inquire, as the view we take of this case leads us to the conclusion that whatever defect- there was in the service, was-cured by giving the undertaking for a stay of execution. .
The record shows that “A. Hochlieimer & Son” were served “ by delivering to them in person, a true and certified copy,”' &c.
It further appears, that within the time given by the statute,. *219 tlie justice accepted and approved an undertaking for stay,, signed by two persons as sureties for defendants.
Tlie statute (IS. & C. 797, § 156) gave to defendants a right to stay this judgment by giving this undertaking.
The justice had no right to take and approve this undertaking, except at the instance of defendants, and we cannot, assume that it was done without their procurement, especially after they had enjoyed all the benefits of the stay, and were-only moved to action by an execution issued after the stay had expired. On the contrary, we must presume that the justice-only did his duty, and that this undertaking for stay was taken and approved by the justice, at the instance and request of' defendants.
Whether we regard this as a case of a defective service with or without actual notice, or as a ease of total want of service-required by statute, we think this appearance in the case cures such defect or want of service, and gives tlie court jurisdiction of the person.
Fee v. Big Sand Iron Co., 13 Ohio St. 563, was the case of a defective service of summons on a corporation. After-judgment by default the defendant, appeared and entered notice of appeal upon the record, but no appeal was • perfected. Afterwards defendant prosecuted error to reverse the judgment for want of proper service. It was held, that after giving-notice of appeal, defendant could not, on error, allege want of jurisdiction of the court rendering the judgment over his-person.
So, where, after judgment, the defendant files a motion to vacate the judgment for want of jurisdiction over his person, and then consents to the dismissal of such motion, he will not be allowed, on error, to allege a want of jurisdiction over his-person. Marsden v. Soper, 11 Ohio St. 503.
Neither should these defendants, after causing an undertaking for stay of execution on this judgment to be entered, as we must presume they did, assign, as error, a want of jurisdiction over them.
By giving this undertaking, they obtained an extension of time in which to pay the judgment.
*220 Its condition is, that defendants will pay, and in default of .such payment the sureties will pay, when the stay expires.
We conclude therefore, that after giving this undertaking, the defendants cannot on error allege a want of jurisdiction ■over them.
We are referred to Russell v. Giles, 31 Ohio St. 293, where it is held that the giving of bail for stay of execution does not operate as a release of errors in the judgment, nor as a waiver of the right to prosecute proceedings in error for its reversal.
That was a case where the error contained of was not to the jurisdiction of the person, but that the court erred in including in the judgment the costs made by the adversary party. It was an error affecting the amount of judgment against defendant, which was unauthorized by law; and it was held that giving an undertaking for stay of execution, by defendant, did not waive his right to prosecute proceedings in error and have this judgment reversed. It was accordingly reversed on the ground that the judgment for defendant’s costs was not warranted by statute.
To extend the general language of that case, beyond the class of errors to which it belongs, and to apply it to the casé .at bar, would make it conflict with the well-considered cases of Fee v. Big Sand Iron Co. and Marsden v. Soper, supra, as well as others. A clear distinction exists between errors .arising from want of jurisdiction of the person, and what amounts to a waiver of service of summons by act of the party when the court has jurisdiction over the subject-matter, .and errors growing out' of want of power in the court over the ■subject-matter.
In the former class of cases, the party may, by his own act, give the court jurisdiction over his person, while in the latter he cannot by his appearance as an adversary party clothe the ■court with power over the subject-matter, or errors of law over the same.
Thus distinguished and limited, the case of Russell v. Giles is in harmony with reason and authority.
*221 The judgment of the district court is reversed .and that of the common pleas affirmed.