Cole v. Hoeburg.

---

36　263
38　445
36　263
40　164

## JOHN COLE v. MARTHA HOEBURG.

1. SUMMONS BY PUBLICATION ; *Poverty-Affidavit; No Error.* The plaintiff, who procured service of summons by publication, failed to file a cost-bond, but filed a poverty-affidavit, sworn to before a justice of the peace. The defendant moved to set aside the service, because the poverty-affidavit was not "made before the clerk," which motion was overruled ; and the court at the same time "further ordered that said defendant have leave to renew said motion unless a sufficient affidavit of poverty is filed by plaintiff herein on or before January 21, 1885." Before January 21, 1885, the plaintiff filed a sufficient poverty-affidavit, and the court assumed jurisdiction of the case and rendered judgment therein. *Held,* That no error, on account of insufficiency in the poverty-affidavits, was committed.

2. SUMMONS BY PUBLICATION ; *Case, within the Code.* In an action for a breach of promise of marriage, service of summons was obtained by publication, and the affidavit for such service and the other proceedings in the case show that the defendant was a resident of the state at the time of the commencement of the action, but afterward left the state for the purpose of avoiding the service of summons, and became a non-resident of the state. *Held,* That notwithstanding such non-residence of the defendant, it is sufficiently shown that the action so comes within the provisions of § 72 of the civil code as to authorize the service of summons by publication.

3. PROMISE OF MARRIAGE, *Action for Breach of; Judgment by Default, Sustained.* In an action for a breach of promise of marriage, where the plaintiff alleges among other things that she is damaged in the sum of $5,000, and asks to recover that amount, and the defendant fails to file any answer, but makes default, *held,* that the action is one "on contract" "for the recovery of money only," within the meaning of § 128 of the civil code, which, so far as it is necessary to quote it, reads as follows:

"Every material allegation of the petition not controverted by the answer . . shall, for the purposes of the action, be taken as true; . . allegations of value, or of amount of damages, shall not be con-

sidered as true by failure to controvert them; but this shall not apply to the amount claimed in actions on contract, express or implied, for the recovery of money only."

And *further held*, that upon such default judgment may be rendered in favor of the plaintiff for the amount claimed, without the introduction of any evidence; and this although the plaintiff, besides alleging the breach of the promise of marriage, also alleges for the purpose of enhancing her damages, seduction under such promise.

### *Error from Clay District Court.*

ACTION by *Martha Hoeburg* against *John Cole*, to recover $5,000 damages for an alleged breach of a promise of marriage, and for seduction under the promise aforesaid. January 22, 1885, judgment for plaintiff and against defendant for $5,000, as upon a default and without the introduction of any evidence. To reverse this judgment, the defendant brings the case to this court. The opinion contains a sufficient statement of the facts.

*Harkness & Godard*, for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought January 30, 1884, by Martha Hoeburg against John Cole, for the recovery of $5,000 damages for an alleged breach of a promise of marriage, and for seduction. No cost-bond was filed in the case, but in lieu thereof the plaintiff made a poverty-affidavit, which was defective in not stating that her cause of action was just; and for this reason the original summons was set aside, upon the ground that it had been improvidently issued. Afterward, and on October 23, 1884, the plaintiff filed another poverty-affidavit, which seems to be in proper form and sufficient in every particular, unless it is insufficient because it was sworn to before a justice of the peace and not before the clerk of the district court. On the same day the plaintiff also filed an affidavit for service by publication, which reads as follows:

"The plaintiff in the above-entitled action makes oath that on the 30th day of January, 1884, she filed her petition in

the above-entitled action and had summons issued, but the service of summons was set aside by the court, and at the time the same was issued said defendant was a resident of Clay county, Kansas, and ever since that date the defendant has not been a resident of the state of Kansas, and is not now a resident of the state of Kansas, and that he departed therefrom and the county of Clay in said state with the intent to avoid the service of summons in said action, and that service of summons cannot be had on him in said state of Kansas; and that this action is one embraced within the true intent and meaning of § 72 of article 6, of the code of civil procedure, owing to the defendant, who was a resident of the state at the time this suit was commenced, having departed therefrom to avoid the service of summons in this case."

Thereupon, service of summons by publication was made, and the defendant at the next term of court appeared specially, and moved to set aside such service for the following reasons:

"1. The said service by publication was improvidently made, and without any authority whatever.

"2. No security for costs has been given by the plaintiff herein.

"3. The poverty-affidavit made by plaintiff in lieu of security for costs, is not verified according to law, and was not made or filed in this court.

"4. The affidavit for service by publication does not show that this action is one of those specified in § 72 of the civil code in which service may be made by publication, and said affidavit is not sufficient to entitle plaintiff to make service by publication upon defendant."

This motion was overruled on January 17, 1885, and the defendant excepted, and the court at the same time "further ordered that said defendant have leave to renew said motion unless a sufficient affidavit of poverty is filed by plaintiff herein on or before January 21, 1885." The defendant made no further appearance in the case. On January 19, 1885, the plaintiff verified her second poverty-affidavit by her own oath, taken before the clerk of the district court; and also on the same day filed another poverty-affidavit in form sufficient and sworn to before the clerk of the district court. On

January 22, 1885, judgment was rendered in favor of the plaintiff and against the defendant for $5,000, as upon a default and without the introduction of any evidence; and to reverse this judgment the defendant, as plaintiff in error, brings the case to this court.

It is claimed that the court below erred in refusing to set aside the service of summons by publication, upon the ground that the poverty-affidavit was not "made before the clerk" of the district court, as provided by § 1, ch. 121 of the Laws of 1875; (Comp. Laws of 1879, ¶ 4113, page 681;) it was *sworn to* before a justice of the peace, but was *filed with* the clerk of the district court. Now there is no statute that in terms requires that security for costs shall be given before service of summons by publication is made. The statute simply provides that "before the clerk shall *issue summons* there shall be filed in his office" the cost-bond; and it does not say that before service of summons by publication can be made the cost-bond shall be filed. And if no cost-bond is necessary where service by publication is had, of course an affidavit of poverty is unnecessary. And further, is not an affidavit filed with the clerk of the district court, but sworn to before some other officer, just as good as an affidavit filed with such clerk and sworn to before him? The statute does not in terms say that the affidavit shall *be sworn to* before the clerk. It simply says, "that in any case where the plaintiff or plaintiffs have a just cause of action against the defendant or defendants, by reason of his, her or their poverty, is or are unable to give such security for costs, on affidavit of the plaintiff or plaintiffs *made* before the clerk that such is the fact no bond shall be required." Now may not an affidavit *sworn to* before some proper officer, and *filed with* the clerk, be considered as an affidavit *made* before the clerk? But even if either a cost-bond or a poverty-affidavit *sworn to* before the clerk is required, and no cost-bond is given, and if the poverty-affidavit is not sworn to before the clerk, but is sworn to before some other officer authorized to administer oaths, and service by publication is then made, the service would not be void. It would

at most be only voidable, and it would be valid until set aside; and whether it should ever be set aside or not, would depend upon the question whether justice would be best subserved by setting it aside or not. In the present case, the service by publication was never set aside; and as the plain-tiff properly amended her poverty-affidavit, and with leave of the court made and filed another poverty-affidavit, in all particulars sufficient, we think that in justice the service should not have been and should not be set aside for want of a cost-bond or of a poverty-affidavit.

**1. Summons by publication; poverty-affidavit; no error.**

It is further claimed that the service by publication is fatally defective in not stating facts sufficient to show that the action is one of those mentioned in § 72 of the civil code, and the cases of *Claypoole v. Houston*, 12 Kas. 324, and *Shields v. Miller*, 9 id. 390, 398, are cited as authority for this claim. These cases, however, are not in point. The affidavit in the present case is very dissimilar to the affidavits made in those cases. That portion of § 72 which applies to this case reads as follows:

"Section 72. Service may be made by publication in either of the following cases: . . In all actions where the defendant, being a resident of the state, has departed therefrom or from the county of his residence with intent . . to avoid the service of summons."

Now the affidavit and the record in the present case show that when this action was commenced the defendant was a resident of Clay county, Kansas, where the action was commenced; that service of summons was made upon him in that county, but that such service was set aside for an irregularity, and that after the commencement of the action the defendant departed from the county of his residence and from the state, with the intent to avoid the service of summons. This brings the case at least within the spirit, if not within the letter of § 72 of the civil code. The defend-ant was a resident of the state. The action was commenced. Service was made upon him. It was irregular. It was set aside. He left the state to avoid the service of

**2. Summons by publication; case, within the code.**

summons. And should he by such a wrong accomplish such a result? We do not think that his becoming a non-resident of the state prior to the service of summons by publication can make any material difference. He was a resident when the suit was commenced, and left the state to avoid service of summons; and that gave the plaintiff a right to procure service by publication. And as he left the state for the purpose of avoiding the service of summons, we do not think that the statute should be so liberally construed in his favor as to give him the benefit of his own wrong. We think this case in terms and in spirit comes within the provisions of said § 72.

The third and last question presented by the plaintiff in error is, whether in an action for a breach of promise of marriage, and for seduction, a judgment can be rendered upon a default for more than nominal damages, or indeed for any damages, where no evidence has been introduced in the case. Counsel for plaintiff in error, defendant below, use the following language:

"The petition seems to contain two distinct causes of action, although they are not separately stated and numbered: 1. For a breach of promise of marriage. 2. For seduction under said promise of marriage. Damages for $5,000 generally are claimed. We therefore contend that it was error to render judgment by default without evidence of value or damages. Allegations of value or amount of damages are not admitted by failure to controvert them. Even upon default they must be proved. Code of Civil Procedure, § 128, also § 401; *U. P. Rly. Co. v. Pillsbury*, 29 Kas. 652."

In reply to this, we would say that only one cause of action is stated in the plaintiff's petition, to wit: A cause of action for a breach of promise of marriage. It is true, the petition also alleges seduction under such promise, but the allegations with regard to seduction do not constitute a cause of action. In Kansas, a woman has no cause of action for her own seduction; neither by statute nor at common law. And evidently the plaintiff did not intend to state more than one cause of action; for if she did, she would have stated them separately, in separate counts, and would have numbered each as

required by § 188 of the civil code. The allegations with regard to seduction under the promise of marriage were evidently inserted in the petition merely for the purpose of enhancing the plaintiff's damages. Whether they could rightfully accomplish any such purpose or not, it is unnecessary now to decide; but evidently that was the sole object for which they were inserted. It is our opinion that only one cause of action was set forth in the plaintiff's petition, and that was a cause of action for a breach of promise of marriage, and a cause of action on contract, and the action itself is an action on contract for the recovery of money only. That portion of § 128 of the civil code. having application to the question now under consideration, reads as follows:

"Every material allegation of the petition not controverted by the answer . . shall, for the purposes of the action, be taken as true. . . Allegations of value or of amount of damages shall not be considered as true, by failure to controvert them; but this shall not apply to the amount claimed in actions on contract, express or implied, for the recovery of money only."

In the present action the plaintiff has alleged in her petition among other things that she is damaged in the sum of $5,000, and she asks merely to recover that amount, and nothing else. This allegation is a material allegation, and neither it nor any other allegation of the petition has ever been controverted by any answer. The action is an action on contract, an action on an express contract, and an action for the recovery of money only. Therefore it would seem that the allegation with regard to the amount of the plaintiff's damages should be taken as true, and therefore that no evidence was necessary with regard thereto. Under the express provisions of the last clause of the foregoing section, the words "Allegations of value, or of amount of damages, shall not be considered as true by failure to controvert them," can have no application to cases like this. This construction of the above statute seems to be in conflict with a portion of what is said in the

3. Promise of marriage, action for breach of; judgment by default, sustained.

case of the *U. P. Rly. Co. v. Pillsbury*, above cited. But all that was said in that case in any manner conflicting with the views herein expressed is pure *dictum*, and need not have been said in that case at all. It is true that in that case the action was for damages, as it is in this; and it was for the recovery of money only, as this case is; but, unlike this case, it was not commenced in the district court, nor was it tried in the district court, and, in legal contemplation, it was not commenced anywhere. It was attempted to be commenced before a justice of the peace, but no valid service of summons was ever obtained upon, nor any kind of appearance made by, the defendant. Judgment, however, was rendered by the justice of the peace against the defendant for $133.85. This judgment was of course void. The defendant, however, took the case on petition in error to the district court, where the judgment of the justice of the peace was affirmed. The defendant then brought the case to the supreme court, where the judgment of the district court was reversed, and the case remanded with instructions to set aside the judgment of the justice of the peace. Now when it was decided by the supreme court that the judgment of the justice of the peace was rendered without jurisdiction and was void, that in effect ended the case. It was not necessary then to construe § 128 of the civil code, or to say anything about defaults or want of evidence. Also, as the action was commenced in a justice's court, and as the judgment was rendered there, § 128 of the civil code could not have any application to the case. The proceedings in the justice's court were governed by the provisions of the justices code. In a justice's court the plaintiff files as a pleading only a bill of particulars; "and the defendant, if required by the plaintiff, his agent or attorney, shall file a like bill of particulars he may claim as a set-off." (Justices Code, § 71.) The defendant never files an answer nor even a bill of particulars in a justice's court, unless required by the plaintiff; and not then, unless he claims a set-off. The allegations of the plaintiff's bill of particulars are never taken as true upon a failure on the part of the defendant to file a

pleading denying them; for, as before stated, the defendant need not in any case file any such pleading. It will therefore be seen that all that was said in the case of the *U. P. Rly. Co. v. Pillsbury*, 29 Kas. 652, with reference to § 128 of the civil code, was unnecessary to be said, and therefore should not be considered binding as a precedent. How it came to be said, or why it was said, we do not now know. What was said, however, would have been good law in Kansas up to October 31, 1868, when the revised statutes of Kansas of that year took effect. Prior to that time there was no such provision in the statutes of Kansas as the concluding clause of § 128 of the civil code, which reads as follows: "but this shall not apply to the amount claimed in actions on contract, express or implied, for the recovery of money only." That clause was not contained in the civil code of 1859. (See § 137 of that code, which corresponds with § 128 of the present civil code.) We think the statute is wrong as it is, and that it ought to be as it was when the civil code of 1859 was in force.

Perceiving no material error in this case, the judgment of the court below will be affirmed.

All the Justices concurring.