## MYERS BARNETT v. JOHN LARK.

POVERTY AFFIDAVIT—*Action before a Justice of the Peace.* Section 581 of the code of civil procedure, providing in substance, that a plaintiff who has a just demand against a defendant, and who, by reason of his poverty, cannot give security for costs, may maintain his action without a bond for costs, applies to actions commenced before a justice of the peace.

*Error from Saline District Court.*

THE opinion states the case.

*Moore & Quinby,* for plaintiff in error.

*J. G. Mohler,* for defendant in error.

Opinion by SIMPSON, C.: January 30, 1888, John Lark, the defendant in error, plaintiff below, commenced this action before A. Wellington, a justice of the peace of Saline county, under chapter 105, art. 10, § 90, Compiled Laws of 1885, to enforce an alleged lien on the hogs of Barnett, the plaintiff in error, in the sum of $40, claimed as damage to growing crops. On the return-day of the summons, on motion of Barnett, the justice ordered that Lark give security for costs. The case was then continued to February 14, at which time Lark deposited $5, a non-negotiable promissory note for $13, and also gave a bond in the sum of $15. The justice ap-

proved the bond, retained the $5, but rejected the note, and the case was again continued to February 28, at which time, on application of Barnett, the justice ordered that Lark give additional security, which he neglected and refused to do, claiming that by reason of his poverty he was unable to do so, and in lieu thereof filed his poverty affidavit, under §581 of the code. The justice also rejected this, and Lark failing to comply with the order, the case was dismissed at his costs, and the justice thereupon rendered judgment against Lark in the sum of $56.05, to which ruling and judgment Lark excepted. A bill of exceptions was made, sealed and signed, and the case taken to the district court on the petition in error. At the March term, 1888, the district court reversed the judgment of the justice, and rendered judgment against Barnett, the plaintiff in error, for all the costs that had accrued in both courts, amounting to $69.15, and ordered that the case be retained in the district court for trial. A motion for a new trial was made and overruled by the court, to which the plaintiff in error duly excepted.

Did the justice err in dismissing the action, upon Lark's failure to comply with the order requiring him to give additional security for costs? is the question propounded by counsel for plaintiff in error. We think he did, for the reason that § 581 of the code applies to actions before a justice of the peace. That section provides in substance, that in cases where the plaintiff has a just cause of action against the defendant, and by reason of his poverty is unable to give security for costs, an affidavit that such is the fact dispenses with the usual bond for costs. In this case such an affidavit was filed, and there was no showing made against the truth of the affidavit. Section 186 of the justices' act makes no provision for a person to commence an action before a justice of the peace, when by reason of his poverty he cannot give security for costs or make a deposit of money to secure payment of the same, but § 185 of the same act provides that the provisions of the code of civil procedure which are in their nature applicable to the proceedings before justices, and in respect to

which no special provision is made by statute, shall govern proceedings in justices' court. Section 185 of the justices' act has been construed in the following cases: *Alvey v. Wilson*, 9 Kas. 401; *Points v. Jacobia*, 12 id. 54; *Stevens v. Able*, 15 id. 584; *Clark v. Wiss*, 34 id. 553; *Israel v. Nichols*, 37 id. 68.

From an examination of these cases it will appear that this court has universally held that any provision of the code in its nature applicable to proceedings before justices of the peace, and in respect to which no special provision is made by statute, must govern in actions pending before justices of the peace; the object of this provision, and the controlling idea in its construction, being to assimilate the mode of procedure before justices to that of the district court.

We recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.