## THE CITY OF ATCHISON V. JOHN RIGGLE.
### No. 179.

1. MOTION TO MAKE DEFINITE—*properly overruled when no evidence offered on indefinite allegations.* In an action for damages for personal injuries, where it does not appear from the record that any material evidence was offered or received tending to show any defect in the sidewalk, or concerning the nature of the injuries received by the person injured, other than those specifically set up in the petition, to overrule a motion to make the petition more definite and certain in these respects is not reversible error.

2. POVERTY AFFIDAVIT—*may be amended during the trial.* It is not error in the trial court to permit the plaintiff below to file an amended poverty affidavit under sections 581 and 582 of the Code, when attention was called to the fact that the affidavit filed at

6        CITY OF ATCHISON v. RIGGLE.

N. Dept.    ·        Opinion.  Wells, J.          6 Kan. App.

the commencement of the case did not comply with the requirements of those sections.

3. EVIDENCE — *examined, and held sufficient to justify verdict.*
There was no material error in the admission of the evidence complained of, and an examination of the testimony offered shows that there was sufficient evidence to justify the verdict of the jury.

Error from Atchison District Court. Hon. Robert M. Eaton, Judge. Opinion filed July 16, 1897. *Affirmed.*

*W. D. Gilbert*, for plaintiff in error.

*H. C. Solomon*, for defendant in error.

WELLS, J.    This action was brought in the District Court of Atchison County, to recover damages for a personal injury. The defendant in error, the plaintiff below, was injured by a sidewalk, negligently permitted by the City to become defective. He fell and broke his finger. The case was tried by a jury, and a verdict against the City was found. A motion for a new trial was overruled.

The petition, after detailing the specific defects in the sidewalk, added that it was otherwise in a dangerous condition. Defendant asked that plaintiff be required to state the facts fully, showing that the sidewalk was in an otherwise dangerous condition. There was no evidence offered except upon the specific defects pointed out in the petition; and, consequently, the error, if such it was, in refusing to require the petition to be made more specific, is immaterial. This also applies to the demand that the petition be made more definite, by showing how plaintiff was injured otherwise than by the breaking of his finger.

It is also alleged that the court erred in permitting

CITY OF ATCHISON v. RIGGLE.            7

July 16, 1897.            Opinion.   Wells, J.            E. Div.

2. Poverty affidavit amended. plaintiff to file an amended poverty affidavit, and in overruling defendant's motion to strike the petition from the files and dismiss the action. We do not think this was error. Section 140 of the Civil Code says :

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party ; and no judgment shall be reversed or affected by reason of such error or defect."

See also *Cole v. Hoeburg*, 36 Kan. 263 ; *Hardesty v. Ball*, 46 id. 555 ; *Dennis v. Benfer*, 54 id. 527. All of these cases bear more or less directly upon this question.

Plaintiff in error contends that the court erred in overruling the defendant's objection to the introduction of any evidence on the ground that the petition did not state facts sufficient to constitute a cause of action ; and, also, in permitting the date of the accident to be changed in his petition. There was no error in this.

3. Evidence examined.

Complaint is also made of the admission of evidence showing that a man employed by the City to repair its sidewalks had information of the defective condition of the sidewalk in question. We see no error in this.

The fourth assignment of error is that the court should have sustained the demurrer to the evidence. We do not think so. We have carefully read the record, and are of the opinion that there was sufficient testimony to justify the jury in finding the verdict they did.

There being no merit in the grounds presented for a new trial, the motion therefor was properly denied.

The judgment of the District Court is affirmed.