### BRIGGS C. JONES v. TOLEDO & OHIO CENTRAL RAILWAY CO.

**1.** SERVICE OF SUMMONS ON AGENT OF RAILROAD COMPANY.

A justice of the peace acquires no jurisdiction, under sec. 6478, Rev. Stat., to render judgment against a railway company by service of summons upon a "ticket agent of the within corporation, the within named defendant, the president of said corporation having no office or residence in" the county in which suit is brought. In order to confer jurisdiction in such case, it must appear affirmatively that the agent was one having charge of a ticket office, as provided by the statute in question.

**2.** NO PRESUMPTION IN FAVOR OF JUSTICE COURTS.

There is no presumption in favor of courts of an inferior and limited jurisdiction of facts which would warrant the exercise of jurisdiction; such facts ust be made to appear affirmatively, and especially where an attempt is made to obtain service of process upon a corporation through delivery of a copy thereof to an inferior officer or agent.

ERROR to the Court of Common Pleas of Lucas county.

PARKER, J.

Briggs C. Jones brought an action before a justice of the peace of Port Lawrence township, Lucas county, Ohio, against the Toledo & Ohio Central Railway Company, to recover $300, as damages, which he says he sustained by reason of the loss of his trunk. That is all we can gather as to the cause of action from the transcript. The transcript of the justice sets forth that "Plaintiff was present by Attorney J. W. Enright; defendant came not but made default. Briggs C. Jones sworn on behalf of the plaintiff, and upon the proofs presented I find for the plaintiff." Thereupon the justice entered up a judgment on the claim in favor of the plaintiff for $300 and costs.

To this judgment the railway company prosecuted error to the court of common pleas, and set forth as grounds of error: (1) There was no service of summons on the Toledo and Ohio Central Railway Company, as is by law provided, and said railway company was not in court. (2) Said justice of the peace had no jurisdiction over said railway company. (3) Said judgment was given for said Briggs C. Jones when it should have been given for said The Toledo & Ohio Central Railway Company.

The petition in error of the railway company contains certain averments of fact, preceding what I have already read, to-wit: "Plaintiff in error says it is a railroad company duly incorporated under the laws of Ohio, and that its principal business office is and for many years has been in Port Lawrence township, Lucas county, Ohio." This petition in error is verified.

The fact that it was an incorporated railroad company and that its principal business office is in Port Lawrence township, Lucas county, Ohio, does not appear in the record of the justice; nor does anything appear therein of which this averment is contradictory. It appears that no issue was joined upon this averment of fact. The case was submitted to the court of common pleas upon this petition in error and the judgment of the justice was reversed. To that action of the court of common pleas, the plaintiff in error, Jones, prosecutes error here.

One of the questions which are raised is, as to whether the justice acquired jurisdiction by a proper service of summons upon the defendant corporation, or. whether the return of the constable shows jurisdiction thus acquired. The return on the summons is as follows : "Received this writ September 22, 1899, and served by delivering same day a true and certified copy thereof with endorsements thereon with D. Livingstone, ticket agent of the within corporation, the within named defendant, the president of said corporation having no office or residence in Lucas county, Ohio. S. M. Carter, constable."

It has been held by the Supreme Court in North v. Railroad Co., 10 Ohio St., 548, that the mode of making service upon a railroad company in actions before justices of the peace, prescribed by sec. 6478, Rev. Stat., is exclusive; and that section provides in part as follows :

"Suit may be brought before a justice of the peace against any railroad company, in the township in which the president of the company may reside, or in any township into or through which the road owned or leased by said company may be located, whether such company be foreign or created under the laws of this state, and whether the charter thereof prescribes the place where suit must be brought against it, or the manner or place of service of process thereon; and if. the principal business office of the company is not kept in the township in which any such suit may be brought, it shall be the duty of the justice of the peace to issue a writ of summons against said company, directed to any constable in the township in which said suit may be brought."

It will be observed that so much of this section as I have read has reference to the place where the action may be prosecuted. Then as to the mode of service; it provides :

"The constable shall, on receipt of such summons, forthwith serve the same personally upon the president of such company, if he be a resident of the county in which suit is brought, or by leaving a certified copy at his place of business, if the same be within such county : provided, that if the president of any such company shall not be a resident of, or have a place of business within, the county in which such suit shall be brought, it shall be lawful for the constable having such summons to serve the same personally upon the person having charge of a ticket office, or on the person having charge of a freight depot, owned by or under the control of such company, if such ticket office or freight depot be situated within the county where such suit shall be brought."

It is urged here on behalf of the defendant in error, that the justice did not have jurisdiction, and that this fact appears from the transcript of the justice and from the facts averred in the petition in error, which are not disputed, for three reasons : First, because it does not appear that the justice could exercise jurisdiction over this railroad company in this township at all ; that it does not appear that the railroad is located, in whole or in part, within the township, or that the president resides within the township. It appears, affirmatively, from the return on the summons that the president of the company does not reside within the township. It is said that one of those facts must appear : Either that the president resides in the township or that the railroad is located within the township, in order that jurisdiction over the railroad company may be exercised.

But whether such fact need appear affirmatively in the record, where the railroad company does not answer and judgment goes against it by

Jones v. Railway Co.

default, we do not feel called upon to decide, and we do not pass upon that question.

Neither is it necessary for us to consider what averments of fact may be set forth in the petition in error and made issuable fact in the proceedings in error. But, proceeding upon the assumption that these jurisdictional facts existed, and that, if proper service had been made, the justice might rightfully exercise jurisdiction in this case over the railroad company in this township, we will proceed to inquire whether the return of the constable shows good service upon the company. Now, it does appear from the return that on account of the non-residence of the president and on account of his having no office in Lucas county, Ohio, service might be made upon a ticket agent, provided such agent were one having charge of an office of the company as prescribed by the section of the statute I have referred to. A person need not necessarily be a ticket agent, but he must have charge of an office in order that valid service may be made upon the company through him.

But it does not appear from this return that there was any freight depot or any ticket office in this township; much less does it appear that the person upon whom this service was made, or attempted, was a person in charge of such office or having it under his control; so far as appears from this return, the copy of the summons may have been delivered to a person who was a travelling agent of the company, or upon a person who was a ticket agent of the company located and doing business for the company at some other place remote from Lucas county, who simply happened to be within the township at the time the constable found him and handed to him a copy of the summons.

In favor of courts of an inferior and limited jurisdiction there is no presumption of the existence of facts, the existence whereof is necessary to warrant the exercise of jurisdiction; such facts must be made to appear affirmatively; and especially is this so where an attempt is made to obtain service of process upon a corporation by delivery of a copy thereof to an inferior officer or agent; and the rule that facts authorizing service on certain agents must appear affirmatively is sometimes applied to courts of general jurisdiction. Edmiston v. Edmiston, 2 Ohio, 252, 253; Robbins v. Clemmons, 41 Ohio St., 85.

In Fee v. Big Sand Iron Co., 13 Ohio St., 563, an action brought before a common pleas court, an attempt was made to serve an incorporated company by a copy left with an inferior agent. The statute at that time read as follows:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors or trustees, or other chief officer, or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

And the return upon the summons was this: "Received this writ September 17, 1856; served the same by leaving a certified copy of this writ with the clerk of the Big Sand Iron Company at their office. Wm. Gold, sheriff of Vinton county, by H. Reynolds, deputy sheriff of Vinton county."

With reference to this service the court says: "The service in the present case is not shown to be in conformity to the code. The sheriff's

return fails to show that personal service could not be made, in the county, upon the chief officer of the company. A copy of a summons left at the office or usual place of business of such corporation, with the person having charge thereof, is not good service, unless the return of service shows, in substance, affirmatively, that the chief or other specified officer of the corporation could not be found in the county."

So it will be observed that even there, in a case in a court of general jurisdiction, a presumption would not be indulged in favor of the legality of the action of the officer. Although the service was made upon an inferior officer and such service could not be rightfully made upon an inferior officer or agent except in the absence of a superior, it would not be assumed that the superior could not be found and that therefore the service was made upon the inferior, but it must appear affirmatively that service could not be obtained upon the superior officer. Here, the jurisdiction being that of a justice of the peace, which is limited and not general, it may be urged with even more force that such facts should be made to appear affirmatively.

Holding, as we do, that this service was not good and did not authorize the justice to proceed to judgment, it is quite unnecessary for us to consider other points suggested in the brief of counsel for the defendant in error.

The judgment of the court of common pleas will be affirmed.

*J. W. Enright*, for plaintiff in error.

*Doyle & Lewis*, for defendant in error.