## HANEY v. DE LONG, *Justice of the Peace.*

No. 7916.   Opinion Filed July 11, 1916.

(159 Pac. 468.)

1.   **JUSTICES OF THE PEACE—Jurisdiction—Service of Process.**
A justice of the peace for one county of the state is without jurisdiction to issue summons to be served upon a defendant in another county, in an action where'n both plaintiff and defendant are residents of the latter county, wherein service was had.; and judgment rendered upon such service is absolutely void.

2.   **APPEARANCE—Proceedings Constituting—Notice of Appeal.**
Upon the rendition of such judgment, counsel for defendant, who appeared specially for the purpose only of objecting to the jurisdiction of the court, did not enter an appearance upon non-jurisdictional grounds by merely giving notice of appeal in open court, such notice not being a necessary step in perfecting an appeal in this jurisdiction.

(Syllabus by the Court.)

Original application by Rose Haney for writ of *certiorari* to Henry De Long, Justice of the Peace in and for the city of Pawnee, Pawnee county.   Writ granted.

*Johnston, Robinson & Rice,* for petitioner.

*McNeill & McNeill,* for respondent.

KANE, C. J.   This was an original application for a writ of *certiorari,* wherein the petitioner prays that said respondent, Henry De Long, justice of the peace as aforesaid, be commanded to certify and return to this court all the records and proceedings had in a certain action before him, with all things pertaining thereto, including all objections, rulings, exceptions, orders, and all other proceedings, that the judgment therein may be reviewed by this court.

Upon the filing of the petition, a rule to show cause was issued, and in response thereto the respondent certified to this court all the proceedings had before him as a justice of the peace in a certain action entitled, "Walter D. Sullins, plaintiff, v. Rosa Haney, defendant, and Arkansas Valley National Bank, garnishee." Now the cause comes on to be heard upon a motion by the petitioner for judgment upon the record, for the reason that the return to the rule to show cause made and filed by said respondent substantiates all and singular the allegations of her petition, and shows, as a matter of law, that all the acts, proceedings, and judgment of said justice of the peace had, done, and entered in the case here under review, to wit, Walter D. Sullins, plaintiff, v. Rosa Haney, defendant, and Arkansas Valley National Bank, garnishee, were had, done, and entered without authority of law by the said justice of the peace, and were and are void and have no effect, and should be so declared and adjudged by this court.

The motion for judgment upon the record must be sustained. The undisputed facts show that Walter D. Sullins, a resident of Noble county, commenced said action at law in Pawnee county for the recovery of money against Rosa Haney, who was also a resident of Noble county; that upon filing said bill of particulars the respondent issued summons against said Rosa Haney and addressed the same to the sheriff of Noble county for service upon her; that said summons was by said sheriff of Noble county served upon said Rosa Haney in said Noble county, and the same returned to the respondent's court in Pawnee county; that, at the time of the commencement of said action, said Walter D. Sullins also filed his affidavit in garnishment without bond, wherein

he alleged that the Arkansas Valley National Bank of the city of Pawnee, in Pawnee county, was indebted to said Rosa Haney; that thereafter said bank filed its written answer, admitting certain indebtedness to said Rosa Haney; that, on the return day of the summons issued against Rosa Haney, she made special appearance by her counsel and filed her motion to quash the summons upon the ground that said justice of the peace had no jurisdiction to issue the same against her, to be served in the county of her residence, and therefore he acquired no jurisdiction over the person of the defendant by service upon her of said summons. The petition and the return also show that, upon the overruling of said motion to quash, said petitioner by her counsel specially appeared and filed an answer controverting the jurisdiction of the court to try and determine the cause, and presented no other defense; that this motion was overruled and, defendant declining to further appear in said action, personal judgment was rendered against her for the amount claimed in the bill of particulars, and the Arkansas Valley National Bank was ordered to pay into court certain moneys belonging to the defendant to be applied upon said judgment.

It is conceded by the attorneys for the respective parties that the service of the summons upon her in the county of her residence was absolutely void, and that the action of the justice of the peace thereunder would be ineffective for any purpose, if it were not for the following recital which constitutes the last few lines of the judgment rendered by the justice of the peace, to wit:

"To which the defendant gave notice of appeal to the district court in open court, and execution is stayed for a period of ten days in which to file a supersedeas bond in double the amount of judgment and costs."

This, counsel for respondent says, brings the instant case within the well-settled rule that, where no valid service of process is had upon the defendant in the justice of the peace court and a motion to quash service filed by him in this court is overruled and judgment goes against him, and he files a bond for appeal to the county or district court, which is duly approved, by taking the appeal and filing the appeal bond, he waives all defects in the service of process in the justice court, and a motion made by him in the appellate court to quash the service of process is properly overruled. *Cohn v. Clark,* 48 Okla. 500, 150 Pac. 467, L. R. A. 1916B, 686; *Gulf Pipe Line Co. v. Vanderberg,* 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661, Ann. Cas. 1912D, 407; *Fee v. Big Sand Co.,* 13 Ohio St. 563.

We do not believe these cases are in point. Section 5467, Rev. Laws 1910, provides that an appeal from the justice court shall be complete upon the filing and approval of an undertaking by the party aggrieved. And it further provides that no notice of appeal shall be filed or served. Section 5466, Rev. Laws 1910, provides that a party appealing shall give a bond to the adverse party, and this constitutes the procedure for taking an appeal from a judgment rendered by a justice of the peace. As no appeal bond was given, and there is no provision for giving notice of appeal, it is apparent at a glance that the petitioner took no necessary preliminary steps toward taking an appeal. The record before us clearly shows a settled purpose on her part to resist the rendition of any judgment against her by the justice of the peace solely upon jurisdictional grounds, and that when it developed that the provisions of sections 5455, 5456, and 5457, Rev. Laws 1910, which provide for a writ of error whereby

rulings by a justice of the peace upon questions of law may be reviewed, were unconstitutional *(Cullen v. Sloniker,* 39 Okla. 353, 135 Pac. 341; *Patten v. Cagle,* 32 Okla. 499, 122 Pac. 154), nothing further was done by the petitioner until the original proceeding was commenced.

In our judgment, the justice of the peace was entirely without jurisdiction over the person of the defendant in the cause brought before him, and the judgment entered against defendant, and the order requiring the garnishee to pay money into court, are wholly void and of no force and effect, and should be quashed and set aside. It is so ordered.

All the Justices concur.