## SMITH v. WILLIAMS.

No. 10230—Opinion Filed July 19, 1921.

(Syllabus.)

**1. Pleading — Amendment of Petition—Change in Caption.**

Plaintiff instituted an action against C. D. Smith & Co. Service of summons was had upon C. D. Smith and A. C. Enochs. The defendant Smith filed an answer containing a general denial for himself, and an allegation that there was no such firm, individual, or corporation as C. D. Smith & Co. The plaintiff dismissed his action against A. C. Enochs, and was granted leave to change the caption of the petition by striking therefrom the words "& Co." Held, not error, as the amendment did not substantially change plaintiff's claim, and it is not shown that any prejudice resulted to the defendant by reason of the amendment.

**2. Appeal and Error — Review — Questions of Fact—Verdict—Negligence.**

The law is well settled that what is or what is not negligence in a particular case is generally a question for the jury, and where the jury has returned a verdict, and there is competent evidence reasonably tending to support the verdict, and the instructions of the court to the jury fairly state the law arising upon the issues raised by the pleadings and the evidence, the judgment rendered upon the verdict will not be disturbed by the Supreme Court.

Error from District Court, Custer County; Thos. A. Edwards, Judge.

Action by G. W. Williams against C. D. Smith for damages to wheat. Judgment for plaintiff, and defendant brings error. Affirmed.

A. E. Darnell, for plaintiff in error.

A. J. Welch, for defendant in error.

PITCHFORD, J. This action was commenced in the district court of Custer county, Oklahoma, by G. W. Williams against C. D. Smith & Co., for the recovery of damages for the destruction by fire of 150 bushels of wheat alleged to have been caused by the negligence of the defendant. Summons was served on C. D. Smith and A. C. Enochs.

The defendant Smith filed an answer containing a general denial for himself, and an allegation that there was no such firm, individual, or corporation as "C. D. Smith & Co." No reply was filed by the plaintiff to this answer, but when the case was called for trial the plaintiff dismissed his action against A. C. Enochs, and asked leave to change the caption of the petition by striking therefrom the words "& Co." Leave was granted plaintiff to so amend, over the objection of Smith, and exceptions saved. Judgment was rendered upon verdict returned by the jury in favor of the plaintiff against the defendant for $190, from which the defendant appeals.

Only two errors are assigned and argued for reversal of the judgment of the trial court. The first being: The court erred in permitting plaintiff to strike from the caption of the petition the words "& Co." at the commencement of the trial, and thus changing the caption of the petition. The second being: The court erred in overruling the defendant's demurrer to the evidence of the plaintiff.

Section 4790, Revised Laws of 1910, provides that:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

In Mackenzie v. City of Anadarko, 72 Oklahoma, 178 Pac. 483, the third paragraph of the syllabus is as follows:

"While the court, under Rev. Laws 1910, sec. 4790, may, before or after judgment, in the furtherance of justice, amend any pleading to conform to the proof, yet as a general rule, the allowance of such amendment is in the court's sound judicial discretion."

In McKee v. Jolly, 72 Oklahoma, 178 Pac. 656, the first paragraph of the syllabus is as follows:

"The amendment of pleadings at the commencement of the trial is within the sound discretion of the trial court, and it is not error for the district court to permit the plaintiff to amend his petition by interlineation, where the amendment does not substantially change plaintiff's claim and it is

not shown that any prejudice resulted to the defendant."

We are unable to see wherein the defendant could be injured by this amendment. The petition filed by plaintiff alleged the acts of negligence, resulting in the destruction of the wheat, alleging that Smith and Co. were liable for this negligence. The answer simply says, in effect, that C. D. Smith, the defendant, owned and operated the threshing machine, and that no other person was interested in the machine. We are of the opinion that there was no error in granting plaintiff leave to strike from the petition the words "& Co."

There was evidence to show that the defendant was the owner of, and was operating, the threshing machine; that, on the occasion of the destruction of wheat, the fire box, used in said engine, was out of repair; that there was a hole in the bottom thereof, through which sparks and coals of fire could drop down; that this condition had existed for sometime prior to the destruction of plaintiff's wheat, and which defect was known to the defendant.

On the date of the fire, after defendant had reached the wheat to be threshed, and in trying to place the machine in position, a fire was started under the engine from the dropping of sparks or coals from holes in the ash tray. The wind was very high and the season very dry, and after the fire started the parties present were unable to control the same, and the fire was communicated to the two stacks of wheat owned by plaintiff, which were completely destroyed.

It is the contention of the defendant that the plaintiff knew of the defect of the engine, and, notwithstanding this knowledge, was still willing for the defendant to thresh the wheat. The court in the third instruction. to which there was no exception, fully informed the jury under what conditions the defendant would be liable. This instruction is as follows:

"You are further instructed that if you find and believe from the evidence that the threshing machine owned and operated by the defendant, C. D. Smith, was in such a defective and unsafe condition that an ordinarily prudent person, mindful of the danger to the property of the persons for whom such machine might be operated, would not use it in the condition in which it then was, and under the circumstances as they existed at the time, and that by reason of such defective and unsafe condition plaintiff was damaged as alleged in the petition of plaintiff, then your verdict should be for the plaintiff for such sum as you find from the evidence will compensate him for the damages sustained."

In Martin et al. v. G. D. McCrary et al. (Tenn.) 1 L. R. A. (N. S.) 530, the court said:

"The degree of care required by one threshing wheat with a steam thresher, in respect of setting fires, is the same as that devolved upon railway companies in the use of their engines. That rule, as laid down in Louisville & N. R. Co. v. Fort, 112 Tenn. 432, 80 S. W. 429, is that 'care commensurate with the risk or hazard' must be used. In the same opinion the degree of care required is thus characterized: 'A degree of care and prudence commensurate with the danger to which this property is exposed by them in the lawful conduct of their business.' "

The law is well settled that what is or what is not negligence in a particular case is generally a question for the jury, and where the jury has returned a verdict, and there is competent evidence reasonably tending to support the verdict of the jury, and the instructions of the court to the jury fairly state the law arising upon the issues raised by the pleadings and the evidence, the judgment rendered upon the verdict will not be disturbed by the Supreme Court. Tulsa Hospital Ass'n v. Juby, 73 Oklahoma, 175 Pac. 519; Boorigie v. Quinn-Barry Tea & Coffee Co., 73 Oklahoma, 176 Pac. 391; Peters Branch of International Shoe Co. v. Blake, 74 Oklahoma, 176 Pac. 892.

The judgment of the lower court is therefore affirmed.

KANE, JOHNSON, ELTING, and NICHOLSON, JJ., concur.