**CAPITOL FINANCE CO. v. McNEALY.**

No. 25797.   Dec. 15, 1936.

Rehearing Denied Jan. 9, 1937.

Porter H. Morgan, for plaintiff in error.

George Miller, for defendant in error.

PER CURIAM. This action had its inception in the court of Paul Powers, justice of the peace in and for Oklahoma county, Ok'a., where plaintiff sued the defendant Capitol Finance Company and another to recover double the amount of usurious interest alleged to have been charged to and paid by the plaintiff. A change of venue was taken by the defendant to the court of Leo B. White, justice of the peace in and for Oklahoma county, where judgment was rendered against the defendant, Capitol Finance Company, for the amount sued for.

The case was appealed to the district court of Oklahoma county, and later transferred to the court of common pleas of said county; and a trial of the case there resulted in judgment for the plaintiff and against the defendant Capitol Finance Company, which brings the case here on appeal. For convenience, the parties will be referred to as they appear in the trial court.

Numerous assignments of error are made by the defendant for a reversal of the case, but it is only necessary that we pass upon three of these, as our disposition of same will eliminate all others. The questions herein decided will be disposed of in the order of their proper sequence.

First, it is contended by the defendant that the trial court did not have or acquire jurisdiction of this action on account of the alleged failure of the plaintiff to make an adequate cost deposit, or to file a cost bond or poverty affidavit in lieu thereof. In this connection, the record shows that, in lieu of a cost bond or deposit, the plaintiff filed an instrument in the form of an affidavit, which was duly signed by him, but was not signed by any officer authorized by law to administer an oath. Various contentions are made by the defendant under this assignment, including the following: (1) That the Oklahoma statute with regard to the filing of poverty affidavits in lieu of cost bond or deposit does not apply to actions instituted in the justice court; (2) that the instrument referred to was not an affidavit, since the same was not signed by an officer authorized to administer an oath; and (3) that the allegations of said instrument are insufficient to comply with the statute.

Section 511, O. S. 1931, which is a part of our Code of Civil Procedure, provides that:

"In any civil action hereafter filed in any court of record before the court clerk shall be required to issue any summons or other process therein, there shall be filed by, or on behalf of the plaintiff, a bond for cost with one or more good and sufficient sureties, one of whom shall be a resident of the county in which the action is filed, or with some bonding company as such surety, conditioned that the plaintiff will pay all costs which may be adjudged against him, or in case the costs cannot be collected from the defendant, if judgment be obtained against him, then the plaintiff will pay the costs incurred by himself, and such bond shall not be required to contain any other condition. * * * Provided that, in any case, where the plaintiff claims he has a just cause of action against the defendant and that by reason of poverty, he is unable to pay the cost, or give security therefor. upon the filing of an affidavit by such plaintiff in such action to that effect, no bond, security or deposit shall be required; and provided further that the appeal bonds required by sections 1010 (1019) and 1415 of the Compiled Statutes of Oklahoma, 1921, shall stand in lieu of the cost bond and the cost deposit hereinbefore specified, and the court clerk shall not require either cost bond or cost deposit in such appeal cases."

Under the provisions of our Code relating to civil procedure in justice courts, we find section 845, O. S. 1931, which reads as follows:

"The provisions of the chapter on civil procedure, which are, in their nature, applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

These sections of our statute originally came to us from the state of Kansas, and under familiar rules of construction we took them subject to the interpretation placed thereon by the Supreme Court of that state prior to the time of our adoption of them. And in Barnett v. Lark, 45 Kan. 428, 25 P. 869, the Supreme Court of Kansas held that:

"Section 581 of the Code of Civil Procedure, providing, in substance, that a plaintiff who has a just demand against a defendant, and who, by reason of his poverty, cannot give security for costs, may maintain his action without a bond for costs, applies to actions commenced before a justice of the peace."

The statute relating to the filing of poverty affidavits was also applied to justice court action in the earlier Kansas case of Cole v. Hoeburg, 36 Kan. 263, 13 P. 275.

No sound reason or logic has been advanced by the defendant why this beneficent statute should not be held to apply to actions instituted in the justice court, and we can think of none. In our view of the matter, the holder of a just cause of action, coming within the jurisdiction of the justice court, who by reason of his poverty is unable to pay or give security for costs, should be permitted to file his suit upon a poverty affidavit in the justice court, the same as a person holding a larger claim is permitted to file such affidavit in the district court. We therefore hold that the provisions of section 511, supra, with reference to poverty affidavits, apply to actions instituted in the justice court, the same as those filed in courts of record.

It is unnecessary for us to decide the other points urged under this assignment, for the reason that jurisdiction of the justice court did not depend upon the making of a deposit for costs, nor the filing of a cost bond or poverty affidavit in lieu thereof. This is clearly demonstrated by section 846, O. S. 1931, as follows:

"When a person intending to bring an action before a justice of the peace is a nonresident of the county in which he intends to commence such action, the justice shall, previous to his issuing process, and in all other cases, the justice may, either before or after the issuing process, require the plaintiff to give security for the costs of suit, which may be done by depositing a sum of money deemed by the justice to be sufficient to discharge the costs that may accrue in the action, or by giving an undertaking with surety approved by the justice payable to the adverse party, for the payment of all costs that may accrue in the action; where security is required after suit brought, if order for security be not complied with, the justice may dismiss the action at the cost of the plaintiff."

The territorial Supreme Court in Fowler v. Fowler, 15 Okla. 529, 82 P. 923, laid down the following rules of law which are applicable here, to wit:

"Where a plaintiff institutes an action in the district court or in the probate court under the district court procedure, and fails to give security for costs before the summons issues, the remedy of the defendant is by special appearance and motion to quash the summons, and it is error to dismiss the cause upon such a motion.

"The provisions of the Civil Code (section 4773, Wilson's Rev. & Ann. St. 1903) requiring the plaintiff to give security for costs before the summons shall issue in any civil action brought in the district court, are neither jurisdictional nor mandatory as to the time such security may be given, and the court in the exercise of a sound discretion may permit a plaintiff to give such bond after a motion by the defendant to quash the summons."

In the case at bar the record shows that the ability of the plaintiff to pay or to give security for costs was raised by the defendant in the justice court, where the plaintiff was required to and did pay the sum of $3 as costs. Surely, the defendant is in no position to urge that the justice court did not acquire jurisdiction of the cause.

Next, it is urged that there was no proper service of summons upon the defendant, and that its motion to quash the service of process upon it should have been sustained. Aside from our view that the defendant had theretofore entered its general appearance in the case, certainly it is in no position to urge that question here, on account of the fact that it took an appeal and gave an appeal bond to the district court, which had the effect of a general appearance on the part of the defendant, even though it had not been legally served or entered its appearance in the case before. The rule applicable in such a situation is stated by this court in Webb v. Cannon, 156 Okla. 145, 9 P. (2d) 920, as follows:

"Where no valid service of process is had upon the defendant in the justice of the peace court, and a motion to quash service filed by him in that court is overruled, and judgment goes against him, and he files a bond for appeal to the court of common pleas, which is duly approved, by taking the appeal and filing the appeal bond he waives all defects in the service of process in the justice court, and the appellate court acquires jurisdiction to hear and determine the cause."

See, also, Cohn v. Clark, 48 Okla. 500, 150 P. 467; Summers v. Gates, 55 Okla. 96, 154 P. 1159; Haney v. DeLong, 58 Okla. 176, 159 P. 468.

Finally, it is contended by the defendant that the plaintiff has sued a mere name, that there was no proper defendant before the court at the time judgment was ren-

dered, and that the judgment is and was void for that reason.

In the caption to the plaintiff's bill of particulars, filed in the justice court, the defendant is designated as a corporation. At the trial of the case in the court of common pleas, the defendant filed a verified answer which contained the following allegations:

"Comes now the defendant, Capitol Finance Company, and for its answer to the statements and allegations contained in plaintiff's bill of particulars heretofore filed herein alleges and states: That it denies each, every and all of the material statements and allegations contained in said bill of particulars, and said defendant specifically denies the inference, intimation or allegation in said bill of particulars contained in the caption thereof brought about by the addition of the phrase, 'a corporation' after the words Capitol Finance Company, and said defendant specifically denies that it is a corporation or ever has been a corporation."

Upon this answer being filed, the plaintiff moved to strike the words "a corporation" from the caption of his bill of particulars, which was granted. The defendant now strenuously insists that this was error; that when the words "a corporation" were eliminated, nothing remained but a name; and that there was no defendant before the court against whom a valid judgment could be rendered. A large part of its brief is devoted to a discussion of these contentions.

It is not denied that the defendant—whatever may have been its legal status, whether an association of persons or an individual doing business under the name of Capitol Finance Company—was operating under that name, and the promissory notes involved in this action were payable to it in that name. Surely, the defendant will not contend that it could not have maintained an action on said notes, if same had not been paid, on account of want of capacity to sue on its part.

The defendant did not see fit to give any information whatever regarding its legal status, but elected to defend without raising any issue on that question, other than to deny its corporate existence. Whatever its status, the defendant has had its day in court. It appeared and defended in the justice court, appealed from the judgment of that court to the district court, defended the action in the court of common pleas, and appealed to this court and gave a supersedeas bond, superseding the judgment of the court of common pleas; and we think that it is now estopped to urge that the plaintiff has sued a mere name.

A somewhat similar question was presented in Smith v. Williams, 82 Okla. 258, 200 P. 194, where this court held:

"Plaintiff instituted an action against C. D. Smith & Co. Service of summons was had upon C. D. Smith and A. C. Enochs. The defendant, Smith, filed an answer, containing a general denial for himself, and an allegation that there was no such firm, individual, or corporation as C. D. Smith & Co. The plaintiff dismissed his action against A. C. Enochs, and was granted leave to change the caption of the petition by striking therefrom the words '& Co.' Held, not error, as the amendment did not substantially change plaintiff's claim, and it is not shown that any prejudice resulted to the defendant by reason of the amendment."

Again, in the case of Robinovitz v. Hamill, 44 Okla. 437, 144 P. 1024, it is said:

"A person, being the sole owner and manager of a business, has, in the absence of a statute to the contrary, the right to assume any name under which he chooses to conduct his business, so long as such business is conducted under such name in good faith, and may maintain an action for breach of contract made under such business name."

The rule is stated in 29 Cyc. 270, as follows:

"Without abandoning his real name, a person may adopt any name, style or signature, wholly different from his own name, by which he may transact business, execute contracts, issue negotiable paper, and sue and be sued."

See, also, Roberts v. Mosier, 35 Okla. 691, 132 P. 678; and Kale v. Humphrey, 67 Okla. 197, 170 P. 223.

In addition to the foregoing authorities, and many others that might be cited, section 182a, O. S. 1931, provides that:

"When any two or more persons associate themselves together and transact business for gain or speculation under a particular appellation, not being incorporated, they may be sued by such appellant (sic) without naming the individuals composing such association and service of process may be had upon such association by personal service as provided by law for services of summons in civil actions, upon any member of such unincorporated association, or, if the case be one in which service by publication may be had under the laws of this state, and service of summons within the state cannot be had, with due diligence, upon any of the members of such unincorporated association, service by publication may be had upon such association by its particular appellation. Provided, further, that service may be had

upon any common-law trust or any other unincorporated association or trust of individuals designating themselves as a trust or represented by an individual as trustee, by service upon any one of such individuals as may be designated as trustee for said trust, the same as in any other civil action."

We therefore conclude that the defendant has been properly sued, and that no reversible error was committed in the trial court. The judgment of the court of common pleas is hereby affirmed, and judgment will be rendered here on the supersedeas bond as requested by plaintiff.

The Supreme Court acknowledges the aid of Attorneys Stephen A. George, Wm. G. Davidson, and Earl Q. Gray in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. George and approved by Mr. Davidson and Mr. Gray, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.